Lillard v. The State.

## LILLARD v. THE STATE.

[No. 18,505. Filed May 12, 1898. Rehearing denied Oct. 14, 1898.]

APPEAL.—*Weight of Evidence.*—Where the evidence on the trial of a criminal cause sustains the verdict of the jury in all material respects, the judgment of the trial court cannot be disturbed on appeal. *p. 324.*

SAME.—*Exclusion of Evidence.*—*Harmless Error.*—An erroneous ruling excluding certain evidence is harmless, where the evidence is afterwards admitted in response to other questions substantially the same. *pp. 324, 325.*

PRACTICE.—*Witness.*—*Leading Question.*—That a question to a witness to some extent suggests the answer desired is not a reversible error. *p. 326.*

CRIMINAL LAW.—*Motion for New Trial Not Part of Trial.*—The ruling on a motion for a new trial in a criminal case is no part of the trial of the accused, as contemplated by the statutory and constitutional rule. *pp. 326, 327.*

SAME.—*Practice.*—*Appeal.*—A judgment against a defendant in a criminal cause will not be reversed on appeal because the record does not affirmatively show that he was asked to show cause why judgment should not be pronounced upon the verdict. *pp. 327, 328.*

From the Vanderburgh Circuit Court. *Affirmed.*

*J. E. Williamson,* for appellant.

*W. A. Ketcham,* Attorney-General, *Merrill Moores* and *Andrew J. Clark,* for State.

JORDAN, J.—Appellant was charged by indictment with murder in the first degree, and a trial by a jury resulted in his conviction of murder in the second degree; and, over his motion for a new trial, he was sentenced to be imprisoned in the State prison during life. From this judgment he appeals, and alleges in his assignment of errors that the lower court erred— First, in overruling his motion for a new trial; sec-

ond, in overruling the motion for a new trial when he was not present personally in court; third, in sentencing him without inquiring whether he had any legal cause to show why judgment should not be pronounced against him.

Under the first assignment, appellant's learned counsel contends—First, that under the evidence, the homicide was excusable on the ground of self-defense; second, that under the circumstances, appellant could not be adjudged guilty of any degree of homicide other than manslaughter. The accused was charged with having, at Vanderburgh county, Indiana, on September 17, 1896, feloniously, purposely, and with premeditated malice, killed and murdered Henry Sanders, by shooting said Sanders with a pistol. There is evidence showing that, prior to the night of the homicide, appellant and deceased were not acquainted with each other; that the former is a man fifty years of age, and Sanders at the time he was killed, was about twenty years old. On the night of the fatal shooting, both parties, along with other persons, attended a political meeting at a place called Cypress. A number of those at the meeting on the occasion in question, including appellant and Sanders, were in a saloon at that place, engaged in drinking beer, until about eleven o'clock at night. Both the appellant and the deceased, as the evidence shows, were to some extent intoxicated. At the request of the bartender, the crowd left the saloon. Sanders, it appears, went out in advance of the appellant. After leaving the saloon, Sanders, in going down a short flight of steps leading from the porch in front of the saloon to the ground, fell down, and appellant, coming out of the saloon, and discovering Sanders lying prostrate upon the ground, began to abuse him by cursing him, and calling him vile and

insulting names. This abuse of the deceased by appellant seems to have provoked the former, and he arose to his feet and said, "I won't take that from anyone," and, after going around in a circle, as some of the witnesses state, he started towards appellant, and when about twelve feet from him, the latter drew a pistol and fired the fatal shot. One of the witnesses testified that before the shooting occurred, and while appellant was quarreling with the deceased, that he (witness) requested appellant to let him (Sanders) alone, with which request appellant refused to comply, saying in response thereto, "No, he bothers me too much." There is evidence to show, that on the day of the homicide, appellant was at the city of Evansville, and was to some extent intoxicated, and armed himself on that day with the loaded pistol with which he committed the alleged crime, and apparently, as the evidence tends to show, went to the meeting on the night in question bent upon mischief. In the afternoon of that day, he told one of the witnesses who testified at the trial, while referring to a gun which he had with him at the time, that maybe he would kill some one on that night. The evidence, it is true, is conflicting as to what took place at the time Sanders was killed; especially as to whether the deceased had a stone in his hand prior to the shooting, and was advancing upon appellant and attempting to throw it at him when the shot was fired. There is evidence, however, viewing it as this court must upon appeal, which may be said to sustain the verdict of the jury in all material respects; and, as its weight and the credibility of the witnesses were questions for the determination of the jury and the trial court, we cannot disturb the judgment upon the evidence. *Deal* v. *State*, 140 Ind. 354.

Appellant complains of the ruling of the court in

sustaining objections made by the State to the fol-
lowing questions, propounded by his counsel to one
of the State's witnesses on cross-examination, to wit:
First. "Now, when you were talking about that gun,
state if you weren't joking?" Second. "Was he
mad [referring to the same conversation]?" Third.
"Was he angry?" In respect to the first of these
questions, it appears that the witness had previously,
upon cross-examination, in response to a question
substantially the same as the one in controversy, an-
swered it by stating that he did not know whether
what was said at the time referred to was "a joke or
not." After the court had sustained the objections
to the second and third questions mentioned, counsel
for appellant propounded to the witness substan-
tially the same questions in another form, which
were answered by the witness stating that he did not
know whether the defendant was mad at the time
referred to, but that he was mad during that after-
noon. It appears, we think, that the witness fully
answered the questions in dispute in response to
others substantially the same, so far, at least, as he
seems to have had any knowledge in regard to the
matter about which counsel for appellant sought to
interrogate him. Hence, under these circumstances,
there can be no reasonable grounds to complain of
the action of the court in sustaining the objections to
the questions mentioned.

Appellant was a witness on the trial in his own
behalf, and testified in support of his claim that he
had killed the deceased in self-defense; that at the
time he fired the fatal shot, the latter had a stone in
his hand which he was attempting to throw at him.
The State, in rebuttal, introduced a witness to con-
tradict this evidence; and the State's attorney pro-
pounded to him the following question: "At the time,

just before he was shot, did this man Sanders make any effort to throw anything at Lillard?" This question finally closed with the words, "Now, you may tell the jury." The answer to the question was, "He didn't make any effort." On cross-examination the witness stated that he meant by this answer that he did not see any stone in Sanders' hand. Counsel for appellant interposed the following objections to this question: First, that it called for evidence not proper on rebuttal; second, that it was leading; third, that it called for the opinion of the witness, all of which objections the court overruled, and of this ruling complaint is made. Conceding that the question may be open to the objection that it is leading, or that it to some extent suggests the answer desired, still that alone could not be available for a reversal of the judgment. Under the circumstances, certainly the evidence which the inquiry by the State sought to elicit was proper in rebuttal to contradict that given by appellant. The witness, as it appears, explained to the jury that what he meant when he answered the question by stating that Sanders did not make any effort, was that he didn't see any stone in his hand. Under the circumstances, no available error can be predicated upon the question nor the answer of the witness.

It is next insisted that the court erred in overruling the motion for a new trial when appellant was not personally present in court. On appellant's application, the court amended the entry in the order book so as to show that he was present by counsel only when his motion for a new trial was denied. On denying this motion, the record discloses that the court noted an exception upon the part of the defendant, and granted him sixty days in which to file his

Lillard *v.* The State.

bill of exceptions. His counsel now claim that under section 1855, Burns' R. S. 1894 (1786, R. S. 1881), it was error for the court to rule upon the motion, unless the defendant was present in court in person at the time. This section provides as follows: "No person prosecuted for any offense punishable by death, or by confinement in the State prison or county jail, shall be tried unless personally present during the trial." In *Reed* v. *State*, 147 Ind. 41, we held that ruling on a motion for a new trial in a criminal case was not a part of the trial of the accused, as contemplated by any statutory or constitutional provision. Appellant, as it appears, was present by counsel at the time the motion was overruled, and through him, it seems, took all the necessary steps at that time for an appeal to this court. The absolute necessity, under these circumstances, for the personal presence of the defendant in court when the motion was overruled, is not apparent, as he was awarded by the court at the time all of the substantial rights which the law accords him.

The next and last contention for a reversal of the judgment is that the record does not show that the trial court, before pronouncing its judgment sentencing the defendant to suffer the punishment assessed by the jury, informed him in regard to the verdict, and called upon him to show legal cause why judgment should not be pronounced. For the omission of the record to reveal to us that the trial court discharged its duty, as required by section 1923, Burns' R. S. 1894 (1854 R. S. 1881), it is insisted that the judgment must be reversed. The section in question reads as follows: "When the defendant appears for judgment, he must be informed by the court of the verdict of the jury, and asked whether he have any

legal cause to show why judgment should not be pronounced upon him." This provision of our criminal code is a recognition, to an extent at least, of the procedure in certain criminal prosecutions under the common law, which required the court, when a person was convicted on a trial for treason or a felony, to demand of the convicted party what he had to say why the court should not pronounce its judgment against him. This demand was termed *allocution*, and was entered of record. The record in this appeal in no manner discloses that appellant was not informed of the verdict which the jury returned against him. In fact, he moved for a new trial, whereby he assailed the verdict of the jury for several specified reasons. There is nothing to show that he was not afforded every opportunity to interpose objections to the judgment which was rendered against him, and was not sufficiently heard by the court upon all legal grounds that he could have urged. Under such circumstances, the fact that the court may have omitted to discharge its duty as required by the provisions of the statute in controversy will not be available error on appeal. *McCorkle* v. *State*, 14 Ind. 39; Porter v. *State*, 17 Ind. 415; *Ayers* v. *State*, 88 Ind. 275.

If the lower court, however, failed to discharge its duty towards the defendant in the manner required by the statute in not informing him of the verdict, and calling upon him to show cause, if any he had, the burden is upon him, on appeal, to show affirmatively such failure by the record; and, in the absence of such showing, we must, under the well affirmed rule, presume that the trial court discharged its duty as the law exacted. The mere silence of the record, as in the case at bar, does not suffice to present the question which appellant seeks to have reviewed un-

der his third assignment of error. *Campbell* v. *State*, 148 Ind. 527. No available error appearing, the judgment is affirmed.