Phillip Ray MINTON, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 3–279 A 51.

Court of Appeals of Indiana,
Third District.

March 3, 1980.

Harriette Bailey Conn, Public Defender, Robert H. Hendren, Deputy Public Defender, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Rollin E. Thompson, Asst. Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Defendant-appellant Phillip Ray Minton was charged by information with first-de- gree burglary and subsequently pleaded guilty to that charge. He was sentenced to a term of not less than ten nor more than twenty years. His sole allegation of error is that the trial court erred in denying his petition for post-conviction relief insofar as the record of the proceedings demonstrates that he was not given an opportunity at sentencing to offer a statement in his own behalf prior to pronouncement of the sentence.[1] As a consequence of this alleged omission he urges that either his guilty plea ought to be vacated or that the case be remanded for resentencing.

A defendant who suggests that he was denied his right to allocution bears a heavy burden in establishing his claim. In *Lillard v. State* (1898), 151 Ind. 322, 50 N.E. 383, a reversal was prayed for because the record did not show that the trial court, before pronouncing its judgment sentencing the defendant, informed him in regard to the verdict and called upon him to show legal cause why judgment should not be pronounced. It was held:

> "If the lower court, however, failed to discharge its duty towards the defendant in the manner required by the statute in not informing him of the verdict, and calling upon him to show cause, if any he had, the burden is upon him, on appeal, to affirmatively show such failure by the record; and, in the absence of such showing, we must, under the well-affirmed rule, presume that the trial court discharged its duty as the law exacted. The mere silence of the record, as in the case at bar, does not suffice to present the question which appellant seeks to have reviewed under his third assignment of error."

50 N.E. at 385–386.

 Here the record belies the defendant's contention that he was denied any alleged right to allocution at sentencing. An order book entry in the transcript recites:

---

1. This privilege is commonly known as the right of allocution. *Lillard v. State* (1898), 151 Ind. 322, 50 N.E. 383.

"State of Indiana, by Arnold H. Duemling, Prosecuting Attorney, the defendant, Phillip Ray Minton, in person and by counsel, Larry Busick, and the said defendant now being asked if he has anything to say why sentence should not be pronounced, gives no sufficient reason."

It is fundamental that courts speak only through their records. *Taylor, Admr. v. Butt et al.* (1972), 154 Ind.App. 196, 289 N.E.2d 159. Moreover on appeal the record is conclusive and imports absolute verity.[2] *So. Ind. Gas v. Decker et al.* (1974), 261 Ind. 527, 307 N.E.2d 51.

■ The instant case provides a more compelling situation for affirmance than *Lillard* since here there is at least an order book entry indicating that the right of allocution was afforded the defendant prior to sentencing. Nothing appearing to the contrary, the defendant has failed to make the required showing.

■ In any event it is apparent that the defendant was not entitled to allocution since he pleaded guilty to the charge. The pertinent statute, IC 1971, 35–4.1–4–5 (Burns Code Ed.) (compiled at 35–50–1A–5 (Burns 1979 Repl.)), reads as follows:

"When the defendant appears for sentencing, he shall be informed by the court of the verdict of the jury or the finding of the court. The court shall afford counsel for the defendant an opportunity to speak on behalf of the defendant. The defendant may also make a statement personally in his own behalf and, before pronouncing sentence, the court shall ask him whether he wishes to make such a statement. Sentence shall then be pronounced unless a sufficient cause be alleged or appear to the court for delay in sentencing."

■ The clear import of this statute is that the right of allocution applies only where a defendant has entered a plea of not guilty and a trial has occurred resulting in a verdict or finding of guilty. Hence the draftsmen chose the words "verdict of the

jury or the finding of the court" to delineate the range of the statute's application. If the Legislature had intended to expand the scope of allocution to include guilty pleas, it could have easily done so. For example, the opening section of the chapter wherein the present allocution statute appears was amended to read as follows:

"(a) After a *verdict, finding or plea of guilty*, if a new trial is not granted, the court shall enter a judgment of conviction. Motions in arrest of judgment are hereby abolished. All issues previously raised by motion in arrest of judgment must be raised by motion to dismiss pursuant to section 35–3.1–1–4 of the code of criminal procedure." (Emphasis added)

The prior act, Acts 1905, ch. 169, § 290, p. 584 [§ 9–2201, Burns 1956 Repl.] had provided:

"After a *finding or verdict of guilty*, against the defendant, if a new trial be not granted, or the judgment be not arrested, the court must pronounce judgment." (Emphasis added)

While the Legislature saw fit in 1975 to include the words "plea of guilty" to the language of IC 1971, 35–4.1–4–1 (compiled at 35–50–1A–1) it did not add those same words to the present allocution statute, IC 1971, 35–4.1–4–5 (compiled at 35–50–1A–5) when it amended that act in 1975. The courts will not add something to a statute that the Legislature has purposely omitted. *Town of Schererville v. Vavrus* (1979), Ind. App., 389 N.E.2d 346.

Particularly persuasive in this regard is *Penn v. State* (1961), 242 Ind. 359, 179 N.E.2d 283 (on rehearing) where the Indiana Supreme Court construed the 1905 allocution statute which provided:

" 'When the defendant appears for judgment, he must be informed by the court of the verdict of the jury, or the finding of the court, and asked whether he have any legal cause to show why judgment should not be pronounced upon him.'

---

2. If a defendant determines that the record contains error his proper remedy is to seek certiorari to correct the record pursuant to Ind.

Rules of Procedure, Appellate Rule 7.2(C). *Ladd v. Rev. Bd.* (1971), 150 Ind.App. 632, 276 N.E.2d 871.

Acts 1905, ch. 169, § 294, p. 584 [§ 9–2205, Burns 1956 Repl.]."

There it was held:

"The statute does not have application under a circumstance where a defendant *pleads guilty* to the offense of which he is charged. Under such circumstances, having previously been apprised of his rights under the law, there is no basis under which a defendant could show 'legal cause * * * why judgment should not be pronounced upon him.' [§ 9–2205, *supra.*] *By his plea of guilty*, appellant, in effect, admitted that no legal cause exists why judgment should not be pronounced. Therefore, § 9–2205, *supra*, is not applicable under circumstances where there is no verdict of the jury or a finding of the court." (Footnote omitted) (Original emphasis)

179 N.E.2d at 285. *See also: Norton v. State* (1964), 245 Ind. 201, 197 N.E.2d 297.

Significantly, both the 1905 act and the current version of the allocution statute refer only to "the verdict of the jury or the finding of the court." The defendant attempts to undercut this comparison by arguing that the 1905 act relates to an inquiry as to "any legal cause to show why judgment should not be pronounced" while the present act speaks only of "a statement." This difference in wording is inconsequential. The "statement" referred to in IC 1971, 35–4.1–4–5 (compiled at 35–50–1A–5), pertains to a declaration by the defendant as to why judgment should not be pronounced.

Three reasons support this determination. One is that the statute requires a defendant be given his right to allocution *before* sentence is pronounced. Secondly, the court is mandated to pronounce judgment after the opportunity to allocute has been offered "unless a sufficient cause be alleged or appear to the court for *delay in sentencing*." (Emphasis added). Finally, from a historical perspective, a defendant in a felony case at common law had a right called "allocution" to be asked whether he had any reason to offer why judgment should not be rendered against him. Since the common

law judge generally had no discretion as to the amount of punishment, in felony cases the purpose of the judge's question, or allocution, was not to seek mitigating evidence or a plea for leniency, but rather to give the defendant a formal opportunity to show one of the strictly defined legal grounds for avoidance or delay of the sentence. *State v. Carr* (1977), 172 Conn. 458, 374 A.2d 1107. *See also: State v. Mehuys* (1969), Iowa, 172 N.W.2d 131 (purpose of allocution is to elicit facts which would constitute a reason for withholding sentence).

No error having been shown, the judgment of the trial court is affirmed.

Affirmed.

GARRARD, P. J., and STATON, J., concur.