Tony E. ROBLES, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 32A01–9801–CR–23.

Court of Appeals of Indiana.

Dec. 28, 1998.

Paula M. Sauer, Danville, Indiana, for appellant.

Jeffrey A. Modisett, Attorney General of Indiana, K.C. Norwalk, Deputy Attorney General, Indianapolis, Indiana, for appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Tony E. Robles appeals his convictions for Operating a Motor Vehicle While Intoxicated,[1] a Class A misdemeanor; Driving While Suspended,[2] a Class A infraction; and Speeding,[3] a Class C infraction, claiming that: (1) the evidence was insufficient to support the conviction for driving while suspended; (2) trial counsel was ineffective; (3) the trial court erred in denying Robles the opportunity to make a statement at sentencing; and (4) the trial court failed to state in its sentencing order that Robles could not be imprisoned for failing to pay fines and costs.

### FACTS

The facts most favorable to the judgment reveal that at approximately 1:57 a.m. on March 22, 1997, Hendricks County Sheriff's

---

1. IND CODE § 9–30–5–2.

2. IND CODE § 9–24–19–5.

3. IND.CODE § 9–21–5–13.

Deputy Charles Morefield stopped Robles for speeding. Deputy Morefield's radar equipment indicated that Robles had been driving seventy-two miles per hour in a forty mile per hour zone. As Deputy Morefield approached Robles, he observed that Robles smelled of alcohol. Deputy Morefield also noticed that Robles' balance was unsteady and that his speech was slurred. After Robles failed several field sobriety tests, he was transported to the police station where Deputy Morefield attempted to administer a breath test. Robles refused to take the test. Following Robles' arrest, the State determined that his California driver's license had been suspended.

Ross was charged with speeding, driving while intoxicated and driving while suspended. Following a trial by court which commenced on December 16, 1997, Robles was convicted on all three counts. Robles was then sentenced to 365 days in jail with 357 of those days suspended. Robles also received credit for the two days that he remained in jail following the arrest. The trial court imposed no fines, but ordered Robles to pay court costs, a substance evaluation fee and a probation user's fee. He now appeals.

## DISCUSSION AND DECISION

### I. Sufficiency of the Evidence—Driving While Suspended

■ Robles first contends that the evidence was insufficient to support the conviction for driving while suspended. Specifically, Robles asserts that the conviction for this offense must be set aside because he demonstrated at trial that his driver's license had been suspended in error by the California Department of Motor Vehicles.

Before a defendant may be convicted for driving with a suspended license, the State must prove that he "operate[d] a motor vehicle ... while his driving privileges, license or permit is suspended or revoked." I.C. § 9-24-18-5(b). However, a defendant may be absolved of criminal liability under this section if he establishes, by a preponderance of the evidence, that he possessed a valid driver's license. I.C. § 9-24-18-5(g).

In the instant case, the only evidence the State presented at trial to establish that Robles was driving while suspended was a certified copy of Robles' California driving record, dated April 3, 1997. Record at 88–90. Attached to the driving record was a copy of a letter sent to Robles on June 16, 1996, from the California Department of Motor Vehicles. That correspondence informed Robles that his driving privileges would be suspended effective November 14, 1996, because of his failure to comply with a child support order. R. at 88. Robles submitted an order of reinstatement from the California Department of Motor Vehicles during his case-in-chief, dated April 4, 1997, just one day after the State had obtained its certified copy of Robles' driving record. That order provided that the suspension had "been set aside ... effective Nov. 14, 1996." R. at 154. While Robles' copy of the reinstatement order was not certified, the State did not object to its admission into evidence. Additionally, Robles provided a letter signed by counsel with the California Family Support Division, stating that the suspension had been "submitted in error." R. at 155–56.

While we adhere to our well-known standard of review which precludes us from reweighing the evidence, it is apparent to us that Robles satisfied his burden of proof under I.C. § 9-34-18-5(g). Specifically, Robles demonstrated by a preponderance of the evidence that his driver's license was valid when he was charged with driving while suspended on March 22, 1997. Thus, we are compelled to reverse Robles' conviction for that offense.

### II. Ineffective Assistance of Counsel

Robles next contends that trial counsel was ineffective because he did not object at trial to the purported lack of foundation regarding the accuracy of the radar equipment Deputy Morefield used when stopping Robles' vehicle. Additionally, Robles claims ineffective assistance of counsel because he failed to object to the alleged prejudicial testimony of several deputies regarding Robles' state of intoxication at the time of arrest.

### A. Standard of Review

To prevail on a claim of ineffective assistance of counsel, a defendant must show that (1) counsel's performance failed to meet an objective standard of reasonableness as measured by predominate professional norms, and (2) such deficient performance so prejudiced the defendant as to deprive him of a fair trial. *Spranger v. State*, 650 N.E.2d 1117, 1121 (Ind.1995). Additionally, this court looks to the totality of the circumstances when evaluating claims of ineffective assistance of counsel. *Sharkey v. State*, 672 N.E.2d 937, 940 (Ind.Ct.App.1996), *trans. denied*. In determining whether prejudice exists, we begin with the presumption that counsel is competent. *Pemberton v. State*, 560 N.E.2d 524, 526 (Ind.1990). "Isolated poor strategy, inexperience, or bad tactics do not necessarily amount to ineffectiveness of counsel." *Id.* In order to prove ineffective assistance due to the failure to object, a defendant must prove that an objection would have been sustained had one been made and that he was prejudiced by the failure to object. *Timberlake v. State*, 690 N.E.2d 243, 259 (Ind.1997).

### B. Radar Equipment

■ Before the results of a radar test may be admitted into evidence, the State must prove that the equipment was properly operated and regularly tested. *See Charley v. State*, 651 N.E.2d 300, 303 (Ind.Ct.App. 1995). It is unnecessary for the State to present expert testimony to explain the proper operation, reliability or maintenance of the unit. In at least one instance, this court has determined that a police officer's testimony that he tested the radar unit and checked the calibration along with his explanation that the unit was in good working order and inspected annually, was sufficient to meet the foundational requirements. *Id.*

In the instant case, Deputy Morefield testified that the radar was working properly the night that Robles was arrested and that it had been calibrated that day. R. at 69. We also note that Robles has made no claim that the radar equipment was inaccurate or unreliable. Thus, Robles has failed to demonstrate that counsel's objection would have been sustained had one been lodged. *See Timberlake,* 690 N.E.2d at 259. As a result, Robles has failed to show that trial counsel was ineffective.

### C. Prejudicial Testimony

■ Robles also claims that counsel was ineffective because he failed to object to "highly prejudicial opinion testimony." Appellant's Brief at 14. Specifically, he claims that permitting the opinions of three sheriff's deputies as to whether Robles was intoxicated, constituted ineffectiveness of trial counsel.

In support of the contention that such evidence was inadmissible, Robles points to Ind. Evidence Rule 704(b) which provides that "witnesses may not testify to opinions concerning intent, guilt, or innocence in a criminal case; the truth or falsity of allegations; whether a witness has testified truthfully; or legal conclusions."

At trial, the three sheriff's deputies, who had observed Robles following the arrest, testified it was their opinion that Robles was intoxicated. R. at 93, 105, 109. All three based their conclusion upon Robles' behavior and demeanor, along with their acknowledgment that they had observed other individuals in a state of intoxication. Contrary to Robles' assertions that such testimony was improper, the deputies were not testifying with respect to whether Robles was guilty or innocent of the charged offense. Moreover, this court has recognized that law enforcement testimony regarding an individual's intoxication is admissible. *Staley v. State*, 633 N.E.2d 314, 317–18 (Ind.Ct.App.1994); *see also Reeves v. Boyd & Sons, Inc.*, 654 N.E.2d 864, 871 (Ind.Ct.App.1995), *trans. denied* (non-expert witness may give opinion of another's state of intoxication). As Robles has failed to show that an objection by defense counsel would have been sustained, he has failed to demonstrate ineffective assistance of counsel.

### III. Sentencing Statement

■ Robles argues that the sentence should be set aside because the trial court failed to grant him an opportunity to speak

in his own behalf before the trial court imposed the sentence. Specifically, Robles asserts that the trial court erred when it did not expressly ask him if he desired to make a statement.

To resolve this issue, we first turn to the provisions of our allocution statute, I.C. § 35–38–1–5 which provides in relevant part that:

> The court shall afford counsel for the defendant an opportunity to speak on behalf of the defendant. The defendant may also make a statement personally in his own behalf and, before pronouncing sentence, the court shall ask him whether he wishes to make such a statement.

Here, the record reveals that the trial court did not inquire of Robles or his counsel as to whether either desired to make a statement before the sentence was imposed. Notwithstanding such an omission, Robles made no objection.

We note that in *Fields v. State*, 676 N.E.2d 27, 31 (Ind.Ct.App.1997), trans. denied, this court remanded for resentencing when the trial court did not inquire of the defendant as to whether he desired to make a statement at sentencing. In the instant case, however, the record is clear that Robles did not pose any objection at sentencing. Moreover, Robles has not made any assertion as to the content of any purported statement that he might have made, how a statement may have benefited him, or that he intended to call any witnesses to testify on his behalf.

■ In *Locke v. State*, 461 N.E.2d 1090, 1093 (Ind.1984), our supreme court observed that a defendant's failure to timely object to such an alleged error constitutes a waiver and the cause will not be remanded for resentencing. *Id.* Additionally, we have determined that a party may not sit idly by, permit the court to act in a claimed erroneous manner, and then attempt to take advantage of the alleged error at a later time. *State v. Keith*, 507 N.E.2d 245 (Ind.Ct.App. 1987). A timely objection must be lodged so that the alleged error may be promptly corrected by the trial court. *Id.; see also Hensley v. State*, 251 Ind. 633, 639, 244 N.E.2d 225, 228 (1969). Inasmuch as Robles did not

object to the trial court's failure to grant him or his counsel the opportunity to speak before the pronouncement of the sentence, Robles has waived the alleged error and is precluded from raising it for the first time on appeal.

## IV. Imprisonment For Failure To Pay Costs

■ Finally, Robles contends that because he was determined to be partially indigent at the sentencing hearing, the trial court erroneously failed to state on the record that Robles could not be imprisoned for failing to pay court costs. Thus, Robles maintains that this cause must be remanded for correction of the sentencing order to expressly reflect that he cannot be imprisoned if he fails to pay those costs.

We initially note that our supreme court has determined that a trial court should state in its sentencing order that a defendant may not be imprisoned for failing to pay a court-imposed fine if it is determined that the defendant is indigent. *Ridley v. State*, 690 N.E.2d 177, 182 (Ind.1997); *Whitehead v. State*, 511 N.E.2d 284, 296 (Ind.1987). In accordance with the Costs statute, IND.CODE § 33–19–2–3, the trial court is required to conduct an indigency hearing if court costs are imposed. If it is determined that the defendant is not indigent, the trial court is required to order the defendant to pay court costs "at the time sentence is pronounced, at some later date, or specified parts at designated intervals." *Id.*

Here, the record reflects that no fine was assessed against Robles. Additionally, the trial court conducted an indigency hearing at sentencing and determined that Robles was employed and only partially indigent. R. at 200. The trial judge also ordered Robles to pay a portion of the appellate costs in light of his employment and income, notwithstanding the appointment of counsel. R. at 200. After ordering Robles to pay court costs, the trial court granted him nearly seven months in which to pay them. R. at 197. At the time of sentencing, Robles did not allege or make any showing that his financial status might prevent him from paying those costs. Inasmuch as the trial judge did not find

Robles indigent at the time of sentencing with respect to an inability to pay the costs in the future, he was not required to specifically indicate in the sentencing order that Robles could not be imprisoned for failing to pay the court costs. As a result, Robles' argument fails and we decline to remand this cause to the trial court.

## CONCLUSION

In light of our resolution of the issues set forth above, we conclude that Robles' conviction for driving while suspended must be vacated, inasmuch as he demonstrated that he possessed a valid license when charged with that offense. Additionally, we note that Robles failed to demonstrate that he received ineffective assistance of trial counsel. We also conclude that the trial court's failure to ask Robles whether he desired to make a statement prior to the imposition of his sentence was not reversible error, and that this cause need not be remanded for correction of the sentencing order when the trial court did not expressly state that Robles could not be imprisoned if he failed to pay court costs.

Judgment affirmed in part and reversed in part.

GARRARD, J., and ROBB, J., concur.