Chad E. **VICORY**, Appellant–Defendant,

v.

**STATE** of Indiana, Appellee–Plaintiff.

No. 49A05–0204–CR–165.

Court of Appeals of Indiana.

Jan. 17, 2003.

Kurt A. Young, Nashville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

1. Ind.Code § 35–42–4–9(a) (1998).

## OPINION

MATHIAS, Judge.

Chad E. Vicory ("Vicory") appeals from the Marion Superior Court's revocation of his probation and sentence of four years executed in the Department of Correction. He raises one issue on appeal, which we restate as whether the trial court erred when it denied Vicory's request to make a statement at his probation revocation hearing.

We affirm.

### Facts and Procedural History

On October 4, 1999, Vicory pled guilty to sexual misconduct with a minor,[1] as a Class C felony. He was sentenced to six years, with four years suspended and two years executed in the Department of Correction. Vicory was placed on probation after his release from incarceration. On February 12, 2002, a petition to revoke Vicory's probation was filed, which alleged that Vicory had committed the following probation violations:

1. The defendant failed to comply with the AGAPE House program.
2. The defendant has failed to maintain full time employment.
3. The defendant has failed to submit to a urinalysis.

Appellant's App. p. 32.

An evidentiary hearing was held on March 15, 2002. At the hearing, Melanie Payne ("Payne"), Vicory's probation officer, testified that Vicory had been terminated from the AGAPE House, and on February 1, 2002, the trial court gave Vicory two weeks to find another halfway house in order to be in compliance with that condition of probation. Tr. p. 3. Payne testified that Vicory subsequently did not appear for court on February 15, 2002. Tr. p. 3. On February 6, 2002,

Payne and another probation officer went to Vicory's home and spoke with him about getting into another halfway house, and he told them he had not contacted any at that time. Tr. p. 4. Vicory testified that he had been accepted into another program, but no evidence was presented as to when he was accepted or that he ever notified Payne of this information. Tr. pp. 8, 9.

At a hearing on February 1, 2002, Vicory stated that he was employed at a restaurant. Tr. p. 5. When Payne conducted her home visit on February 6, 2002, Vicory told her that he had been fired from that job on February 4. Tr. p. 5. Payne contacted the restaurant on February 7, and they told her that Vicory had been fired three weeks prior because of non-attendance. Tr. p. 5. Vicory did not subsequently report any new employment to Payne.

On February 7, 2002, Vicory was randomly called to take a urinalysis, and he did not show up. Tr. p. 6. Vicory stated that he could not make it to take the test on that day because he did not drive and could not make it in time. Tr. p. 12.

At the close of the hearing, the trial court found that Vicory had violated his probation by failing to comply with the AGAPE House program, failing to maintain full time employment, and failing to submit to a urinalysis on February 7, 2002. Tr. pp. 16–17. The trial court ordered the execution of the previously suspended four-year sentence in the Department of Correction. After announcing the decision, the trial court asked Vicory if he wanted to appeal. Tr. p. 16. Vicory replied that he would and requested to make a statement. *Id.* The trial court denied Vicory's request. *Id.* Vicory now appeals.

### Discussion and Decision

■ The State preliminarily argues that Vicory's claim of error should be deemed waived. A defendant's failure to timely object to an alleged erroneous denial of a request to make a statement at sentencing constitutes a waiver, and the case will not be remanded for resentencing. *Robles v. State,* 705 N.E.2d 183, 187 (Ind.Ct.App.1998) (citing *Locke v. State,* 461 N.E.2d 1090, 1093 (Ind.1984)). This is because "a party may not sit idly by, permit the court to act in a claimed erroneous manner, and then attempt to take advantage of the alleged error at a later time." *Id.* (citing *State v. Keith,* 507 N.E.2d 245, 245 (Ind.Ct.App.1987)). A timely objection must be asserted so that the trial court has an opportunity to promptly correct the alleged error. *Id.* Because Vicory did not object to the trial court's denial of his request to make a statement, his claim of error is deemed waived. Notwithstanding this waiver, we will decide Vicory's claim on the merits.

■ Vicory contends that the trial court erred when it denied his request to make a statement at the hearing. Indiana Code section 35–38–1–5 states:

> When the defendant appears for sentencing, the court shall inform him of the verdict of the jury or the finding of the court. The court shall afford counsel for the defendant an opportunity to speak on behalf of the defendant. The defendant may also make a statement personally in his own behalf and, *before pronouncing sentence,* the court shall ask him whether he wishes to make such a statement. Sentence shall then be pronounced, unless a sufficient cause is alleged or appears to the court for delay in sentencing.

Ind.Code § 35–38–1–5 (1998) (emphasis added). This statute is the codification of Indiana's right of allocution. *Ross v. State,* 676 N.E.2d 339, 343 (Ind.1996). "In Indiana, the purpose of the right of allocution is to give the trial court the opportunity to consider the facts and circumstances

relevant to the sentencing of the defendant in the case before it." *Id.* (citations omitted).

■ Vicory argues that the trial court erred when it denied his request to personally address the court before his probation was revoked. Under Indiana Code section 35–38–1–5, the trial court must ask a defendant whether he wishes to make a statement before pronouncing sentence. A trial court's decision whether a sentence shall be suspended or executed is not "pronouncing sentence," because a sentence must already be ordered before there can be a determination on how it will be served. *Mingle v. State,* 182 Ind.App. 653, 660, 396 N.E.2d 399, 404–05 (1979).

In the present case, Vicory was sentenced to six years, with four years suspended on October 4, 1999. On February 12, 2002, a petition to revoke Vicory's probation was filed. A hearing on that petition was held on March 15, 2002. At this hearing, the trial court decided that Vicory's previously suspended sentence of four years should be executed. This decision by the trial court did not constitute "pronouncing sentence" under Indiana Code section 35–38–1–5, and therefore, the trial court was not required to allow Vicory to make a statement at the hearing.

Although this decision by the trial court did not constitute "pronouncing sentence," Vicory contends that the trial court should still be required to give defendants the opportunity to be heard at probation revocation hearings. He points to a Seventh Circuit Court of Appeals case, *United States v. Core,* where the court stated that it would be a good practice for courts to allow defendants to personally address courts, even at probation revocation hearings. 532 F.2d 40, 42 (7th Cir.1976).[2] Al-

though the court did state this, it held that the opportunity to address the court is only required when the original sentence is imposed and not when a trial court revokes probation and reinstates a previously suspended sentence. *Id.*

Vicory also claims that because the Indiana Supreme Court stated that "[g]enerally, a court would be well advised to allow a defendant to say his or her piece," *Ross,* 676 N.E.2d at 344, the trial court should be required to allow defendants to speak at probation revocation hearings. However, *Ross* dealt with whether it was proper for the trial court to stop the defendant while he was making his statement and direct the defendant to focus his statement to a proper purpose. *Id.* at 342. Thus, the statement from *Ross* is inapposite to the present case dealing with a probation revocation hearing.

Under these facts and circumstances, the trial court did not err when it denied Vicory's request to make a statement at his probation revocation hearing because the decision as to whether to order a previously suspended sentence to be executed is not "pronouncing sentence," and therefore, the trial court was not required to allow Vicory to make a statement.

Affirmed.

BAILEY, J., concurs.

SULLIVAN, J., dissents with separate opinion.

SULLIVAN, Judge, dissenting.

I respectfully dissent. At the outset, however, and before addressing the merits of Vicory's claim, I would venture my disagreement with the conclusion that by failing to object he waived the claimed error

2. We note that the dissent would adopt this position from *U.S. v. Core.* Although this extension of the right of allocution may be a good practice, we believe that it would be more appropriate for the supreme court to consider and extend the right.

in the trial court's denial of his right to make a statement.

The cases cited by the majority for this proposition, *Robles v. State*, 705 N.E.2d 183 (Ind.Ct.App.1998) and *Locke v. State*, 461 N.E.2d 1090 (Ind.1984), are in my view inapposite. They both involve a claim upon appeal that the court erred in not asking the defendant whether he wished to make a statement. They did not involve, as here, a denial by the trial court of a specific request to make a statement.

The trial court's denial reflects that the court considered the defendant's request and for whatever reason denied the right of allocution. That denial does not call for an objection so that the court may consider the matter. The matter has been considered and the defendant's claim has been rejected. In this regard it is akin to a trial court's refusal to give a tendered instruction. In such instance, as stated in *Brown v. State*, 703 N.E.2d 1010, 1018 (Ind.1998) and in other cases there cited, "An objection to a rejection of a properly tendered instruction is not required...."

Turning to the merits, I would adopt the position stated in *U.S. v. Core*, 532 F.2d 40 (7th Cir.1976), to the effect that in probation revocation proceedings, the court should allow the defendant to personally address the court with reference to the disposition to be made of the matter. *See also Ross v. State*, 676 N.E.2d 339 (Ind. 1996) (discussing the right of allocution at the time of sentencing).

I would reverse and remand for further proceedings.