## Chad E. VICORY, Appellant (Defendant below),

v.

## STATE of Indiana. Appellee (Plaintiff below).

No. 49S05–0304–CR–00153.

Supreme Court of Indiana.

Jan. 29, 2004.

Kurt Young Nashville, IN, Ann M. Sutton, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Office of the Attorney General, Indianapolis, IN, Attorneys for Appellee.

SHEPARD, Chief Justice.

Chad Vicory had multiple problems complying with the terms of his probation, and the trial court held a hearing on a petition to revoke. The court heard evidence and argument and announced that probation

was revoked. Vicory asked permission to read a statement, which the court declined. He now questions whether the right of allocution should extend to include probation revocation hearings. We hold that it should.

## Statement of the Facts and Procedural History

On October 4, 1999, the Marion Superior Court convicted Chad Vicory of sexual misconduct with a minor, a Class C felony. The court sentenced Vicory to six years with four years suspended and two years executed at the Department of Correction. The Court placed Vicory on probation after his release from incarceration.

The court ordered Vicory to enroll at AGAPE House, a halfway house. AGAPE House terminated his stay for a probation violation. The court gave Vicory two weeks to enter another halfway house, one of the conditions of his probation. Two probation officers spoke to Vicory about entering another halfway house, and he said he was accepted into another program but did not present any evidence to demonstrate that this was so. (R. at 4, 8, 9.)

On February 12, 2002, a petition to revoke Vicory's probation was filed, alleging that Vicory failed to comply with the AGAPE House program, maintain full-time employment, and submit to a urinalysis test. Vicory had said he was employed at a restaurant, but probation officer Melanie Payne learned that Vicory had been fired three weeks prior. Moreover, on February 7, 2002, Vicory did not report for a drug test when called because, according to him, he did not drive.

Finding that Vicory violated his probation, the court ordered his previously suspended sentence to be executed. It then asked Vicory if he wanted to appeal. Vicory responded by asking if he could read a statement. The court denied his request and asked Vicory again if he wished to appeal. Vicory replied affirmatively.

The Court of Appeals affirmed the trial court's decision and held that Vicory was not denied the right to allocution because he was not being "sentenced" under Ind. Code § 35–38–1–5. *Vicory v. State*, 781 N.E.2d 766, 769 (Ind.Ct.App.2003). The Court further noted that the right to allocution does not apply to probation revocation hearings. *Id.* We granted transfer.

## Right of Allocution

In claiming that he was entitled to make a statement at his revocation hearing, Vicory relies on Indiana Code § 35–38–1–5, which says: "the defendant may ... make a statement personally on his own behalf and, before pronouncing sentence, the court shall ask him whether he wishes to make such a statement." Vicory argues that such statements give the court an opportunity to learn about his mental state, his view of the facts and circumstances that surround the violation, and affords him a chance to plead for leniency. (Appellant Br. at 5–10.) The State replies that Indiana does not recognize a right of allocution at a probation revocation hearing. (Appellee Br. at 2, 6.)

■ The State also asserts that Vicory waived his claim of error because he failed to object to the denial of his alleged right to allocution during the trial. It relies on *Robles v. State*, 705 N.E.2d 183, 187 (Ind. Ct.App.1998), in which the Court of Appeals noted that a person cannot sit idly by, permit the trial court to make an error, and attempt to take advantage of the error at a later time. Once the court denied Vicory's request to read his statement, however, the right to appeal was properly preserved.

■ The common law recognized the right of allocution as early as 1682. *Ross v. State*, 676 N.E.2d 339, 343 (Ind.1996)

(citing Jonathan Scofield Marshall, Comment, *Lights, Camera, Allocution: Contemporary Relevance or Director's Dream?*, 62 Tul. L.Rev. 207, 209 (1987)). The right of allocution generally presents itself as a pre-sentencing procedure and we have addressed the right of allocution in such settings.[1] Whether one is entitled to the right to allocution during a probation revocation hearing, however, is an issue of first impression.

As the State correctly points out, at a probation revocation hearing, a sentence has already been imposed on a defendant but it has been suspended. (Appellee Br. at 3); *see also Mingle v. State*, 182 Ind. App. 653, 660, 396 N.E.2d 399, 405 (1979) (the imposition of a suspended sentence following a violation of the probation hearing is not a "sentencing"). Vicory had already been sentenced to six years, with four years suspended. The trial court did not "pronounce a sentence" within the meaning of Indiana Code § 35–38–1–5 at the probation revocation hearing. Rather, it decided that the previously suspended sentence should be executed.

Because the court does not "pronounce a sentence" at a probation revocation hearing, the judge is not required to ask the defendant whether he wants to make a statement, as provided by Indiana Code § 35–38–1–5. But when the situation presents itself in which the defendant specifically requests the court to make a statement, as it did here, the request should be granted.

■ Article 1, section 13 of the Indiana Constitution provides in part: "In all criminal prosecutions, the accused shall have the right ... to be heard by himself and counsel." The Indiana Constitution "places a unique value upon the desire of an individual accused of a crime to speak out personally in the courtroom and state what in his mind constitutes a predicate for his innocence of the charges." *Sanchez v. State*, 749 N.E.2d 509, 520 (Ind. 2001) (citing *Campbell v. State*, 622 N.E.2d 495, 498 (Ind.1993))[2]. As the Seventh Circuit has observed, "The right of allocution is minimally invasive of the sentencing proceeding; the requirement of providing the defendant a few moments of court time is slight." *United States v. Barnes*, 948 F.2d 325, 331 (7th Cir.1991). Notwithstanding, a defendant claiming that he was denied his right to allocution carries a strong burden in establishing his claim. *Minton v. State*, 400 N.E.2d 1177, 1178 (Ind.Ct.App.1980).

■ "The purpose of the right of allocution is to give the trial court the opportunity to consider the facts and circumstances relevant to the sentencing of the defendant in the case before it." *Ross*, 676 N.E.2d at 343. A probation revocation hearing is indeed relevant to the defendant's sentencing in that it reinstates an existing sentence that returns the offender back into the confined quarters of jail. Thus, we conclude that the right of allocution should apply to probation revocation hearings.

■ At common law, the right of allocution was not given to "seek mitigating evidence or a plea for leniency, but rather to give the defendant a formal opportunity to show one of the strictly defined legal grounds for avoidance or delay of the sen-

---

1. After the trial is over and the jury has reached a guilty verdict, but before the court pronounces the sentence, the court addresses the defendant and asks him, "Do you know of any reason why judgment should not be pronounced upon you?" *See Ross*, 676 N.E.2d at

343 (citing Paul W. Barrett, *Allocution*, 9 Mo. L.Rev. 115 (1944)).

2. *Campbell* was disapproved on other grounds by *Richardson v. State*, 717 N.E.2d 32, 49 n. 36 (Ind.1999).

tence." *Minton*, 400 N.E.2d at 1180. When the defendant is given the opportunity to explain his view of the facts and circumstances, the purpose of the right of allocution has been accomplished. *Id.* (citation omitted).

The fact that Vicory was given the opportunity to testify at his probation revocation hearing demonstrates that the goal of allocution was largely accomplished. Vicory did in fact address the court and was able to tell his side of the story. This is essentially what the right of allocution would have allowed him to do. Vicory testified about why his probation should not be revoked and gave the trial court the opportunity to consider facts and circumstances relevant to the revocation of his probation. (*See* R. at 9–13.) There is no question that Vicory spoke on his own behalf.

In the present case, the trial court was not "pronouncing a sentence" and was therefore not required under the statute to ask the defendant directly whether he wished to make a statement on his own behalf. We conclude that because Vicory made a specific request to make a statement, the court should have granted it.

Nevertheless, because Vicory testified at his hearing and because he has not identified any statement or argument he would have made had the court permitted him to read his statement, the court's refusal did not affect his substantive rights such that reversal is warranted. Ind. Trial Rule 61.

### Conclusion

We affirm the trial court.

DICKSON, BOEHM, and RUCKER, JJ., concur.

SULLIVAN, J., concurs in result, agreeing with the analysis of the Court of Appeals in this case. 781 N.E.2d 766 (Ind. Ct.App.2003). *Accord, Applewhite v. United States*, 614 A.2d 888 (D.C.1992); *State v. Carlsen*, 93 Hawai'i 332, 3 P.3d 50 (2000); *State v. Germaine*, 152 Vt. 106, 564 A.2d 604 (1989).