Henry D. HULL, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A05–0610–CR–619.

Court of Appeals of Indiana.

June 28, 2007.

Landoll Sorrell, Anderson, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, George P. Sherman, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Henry Hull appeals the order that his suspended sentence be executed, arguing the trial court should have offered him the opportunity to speak at his hearing. We affirm.

### PROCEDURAL HISTORY

In October 2005, Hull pled guilty to possession of marijuana in Madison Coun-ty and was sentenced to eighteen months, which sentence was suspended to probation. This probation was to begin after Hull finished serving probation in Marion County. In January 2006, Hull was arrested in Grant County for possession of marijuana, resisting arrest, and driving while suspended. The Madison County Probation Department filed a notice of violation of suspended sentence.[1] After hearing evidence, the court found Hull had committed new crimes and ordered his sentence be served at the Department of Correction.

### DISCUSSION AND DECISION

Hull argues the court "failed to afford Hull an opportunity to speak to the court before he was sentenced." (Br. of Appellant at 4.) The State responds Hull waived his right of allocution because he did not request to speak and failed to object.

Article I, Section 13 of the Indiana Constitution provides in part: "In all criminal prosecutions, the accused shall have the right ... to be heard by himself and counsel." Ind.Code § 35-38-1-5 requires a sentencing court to ask a defendant whether he wishes to make a statement before pronouncing sentence.

In *Vicory v. State*, 802 N.E.2d 426 (Ind. 2004), the trial court sentenced Vicory to six years with four years suspended and two years executed at the Department of Correction. After his release from incarceration, Vicory was placed on probation. Subsequently, the probation department filed a petition to revoke his probation. Vicory testified at the revocation hearing. The court found Vicory had violated his probation and ordered his previously sus-

---

1. Ind.Code § 35-50-2-2(c) requires the court to impose probation when it suspends a sentence for a felony. The probation department did not file a notice of violation of probation because Hull had not yet begun probation in Madison County.

pended sentence executed. The court "then asked Vicory if he wanted to appeal. Vicory responded by asking if he could read a statement. The court denied his request and asked Vicory again if he wished to appeal. Vicory replied affirmatively." *Id.* at 428.

■■■ "Because the court does not 'pronounce a sentence' at a probation revocation hearing, the judge is not required to ask the defendant whether he wants to make a statement, as provided by Ind. Code § 35–38–1–5." *Id.* at 429. However, if the defendant asks to make a statement, his request should be granted:

> "The purpose of the right of allocution is to give the trial court the opportunity to consider the facts and circumstances relevant to the sentencing of the defendant in the case before it." A probation revocation hearing is indeed relevant to the defendant's sentencing in that it reinstates an existing sentence that returns the offender back into the confined quarters of jail. Thus, we conclude that the right of allocution should apply to probation revocation hearings.

*Id.* (internal citation omitted).

■■ The revocation of a suspension has the same effect as the revocation of probation, *i.e.*, an executed sentence. Thus, we agree with Hull the right of allocution applies to the revocation of a suspended sentence, but only to the same extent the right of allocution applies to the revocation of probation. In other words, the court was not required to ask Hull if he wished to speak at his revocation hearing; however, if Hull had asked to speak, the court would have been obliged to grant his request. *See id.* at 430 ("because Vicory made a specific request to make a statement, the court should have granted it").

Because Hull neither asked to speak nor objected to the lack of opportunity to speak, he waived his right of allocution. *See id.* at 429. Accordingly, we affirm.

Affirmed.

SHARPNACK, J., and BAILEY, J., concur.