## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 04 2017, 8:56 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony C. Lawrence
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Markco Martez Lee, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | October 4, 2017 <br><br> Court of Appeals Case No. <br> 48A04-1704-CR-811 <br><br> Appeal from the Madison Circuit Court <br><br> The Honorable Thomas L. Clem, Judge <br><br> Trial Court Cause No. <br> 48C05-1603-F6-431 |

**Crone, Judge.**

# Case Summary

[1] Markco Martez Lee appeals the trial court's revocation of his probation. He contends that the trial court committed fundamental error in failing to give him the opportunity to make an allocution statement prior to the court's revocation of his probation. Finding no fundamental error, we affirm.

# Facts and Procedural History

[2] In 2016, Lee committed level 6 felony obstruction of justice and level 6 felony battery of a public safety officer. He pled guilty to both offenses under different cause numbers. He received an aggregate sentence of sixty months, with twenty-four months suspended to probation and six months to be served on home detention. Lee began serving home detention under one cause number on December 13, 2016, and he was released from that detention on February 1, 2017. He then began serving home detention under the other cause number on February 8, 2017. A month later, in March 2017, the State filed a notice of probation violation alleging that Lee violated his probation by committing the new crime of assisting a criminal. The State further alleged that Lee violated his probation in failing to participate in treatment/counseling programs, failing to pay home detention fees, and failing to comply with the term of probation which required Lee to submit to searches of his person or residence on request.

[3] An evidentiary hearing was held on March 16, 2017. The State presented several witnesses who testified regarding Lee's probation violations, and defense counsel had the opportunity to, and did, cross-examine each one. At

the close of the State's evidence, defense counsel moved for a "direct[ed] verdict of not guilty on the probation violation." Tr. Vol. 2 at 50. Defense counsel then requested the trial court to bifurcate the evidentiary hearing to allow him to subpoena a number of witnesses to testify for the defense on a future date. The trial court denied the directed verdict and bifurcation request, and no witnesses testified on Lee's behalf.[1]

[4] Thereafter, the trial court asked eighteen-year-old Lee a few questions regarding his prior juvenile record and his familiarity with the criminal justice system, specifically, his familiarity with the requirements of probation. After the questioning, the trial court found that Lee had violated his probation by committing the new offense of assisting a criminal and ordered Lee to serve the balance of his previously suspended sentence in the Department of Correction. This appeal ensued.

## Discussion and Decision

[5] Lee challenges the trial court's revocation of his probation: specifically, the revocation of his placement in community corrections/home detention. Our supreme court has explained,

---

[1] The record indicates that Lee's original counsel was unavailable for the hearing and therefore secured substitute counsel to appear. Substitute counsel informed the court that he thought that Lee's original counsel may have intended to subpoena witnesses and that a two-week delay to allow original counsel to get "back from vacation" and "present a defense for Mr. Lee that he intended to" would cause no inconvenience to the State. Tr. Vol. 2 at 52-53. One defense witness who was present at the hearing was advised by his own counsel to assert his Fifth Amendment right against self-incrimination and to not testify. On appeal, Lee does not specifically challenge the trial court's denial of his directed verdict or bifurcation request.

> For purposes of appellate review, we treat a hearing on a petition to revoke a placement in a community corrections program the same as we do a hearing on a petition to revoke probation. The similarities between the two dictate this approach. Both probation and community corrections programs serve as alternatives to commitment to the Department of Correction and both are made at the sole discretion of the trial court. A defendant is not entitled to serve a sentence in either probation or a community corrections program. Rather, placement in either is a matter of grace and a conditional liberty that is a favor, not a right.

*Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999) (footnotes, citations, and quotation marks omitted). Accordingly, the due process requirements for probation revocation proceedings are also required when the trial court revokes a defendant's placement in a community corrections program, which includes home detention. *See id*.

[6] Lee asserts that the trial court violated his due process rights in failing to give him an opportunity to make an allocution statement prior to the revocation of his probation. Lee acknowledges that he failed to object to the procedure employed by the trial court but claims that the trial court committed fundamental error. "An error is fundamental, and thus reviewable despite failure to object, if it 'made a fair trial impossible or constituted a clearly blatant violation of basic and elementary principles of due process presenting an undeniable and substantial potential for harm.'" *Young v. State*, 30 N.E.3d 719, 726 (Ind. 2015) (quoting *Knapp v. State*, 9 N.E.3d 1274, 1281 (Ind. 2014)). Fundamental error is a "a daunting standard," applicable only in egregious

circumstances. *Knapp*, 9 N.E.3d at 1281. The exception is extremely narrow, and reaches only errors that are so blatant that the trial judge should have taken action sua sponte. *Id.*

[7] The right Lee claims he was denied, the right of allocution, is rooted in the common law, and was first codified in Indiana in 1905. *Biddinger v. State*, 868 N.E.2d 407, 410 (Ind. 2007). Presently, Indiana Code Section 35-38-1-5 provides:

> When the defendant appears for sentencing, the court shall inform the defendant of the verdict of the jury or the finding of the court. The court shall afford counsel for the defendant an opportunity to speak on behalf of the defendant. The defendant may also make a statement personally in the defendant's own behalf and, before pronouncing sentence, the court shall ask the defendant whether the defendant wishes to make such a statement. Sentence shall then be pronounced, unless a sufficient cause is alleged or appears to the court for delay in sentencing.

[8] In *Vicory v. State*, 802 N.E.2d 426, 429 (Ind. 2004), our supreme court held that Indiana Code Section 35-38-1-5 did not apply to probation revocation proceedings because, in such proceedings, the defendant does not "appear for sentencing." Thus, the trial court is not required to ask the defendant at a probation revocation whether he wants to make a statement. *Id.* However, the *Vicory* court also held that "when the situation presents itself in which the defendant specifically requests the court to make a statement, … the request should be granted." *Id.*

Similarly, in *Woods v. State*, 892 N.E.2d 637, 641 (Ind. 2008), our supreme court reiterated that the trial court should not prevent a defendant from explaining a probation violation if he or she so requests. The *Woods* court went on to conclude that a defendant who is denied such opportunity must make an offer to prove to preserve the issue for appellate review. *Id*. at 641-42. Most recently in *Jones v. State*, 71 N.E.3d 412 (Ind. Ct. App. 2017), this Court followed *Vicory* and *Woods* and concluded that although the trial court was not required to ask the defendant if she wished to make a statement in allocution, once she expressed a desire to make a statement on her own behalf, the trial court should have allowed her to do so, "as due process required that she be permitted to speak." *Id*. at 417.

Unlike the defendants in *Vicory, Woods,* and *Jones*, Lee did not express a desire to make an allocution statement and, pursuant to our supreme court precedent, the trial court was not required to proactively ask him if he wished to make such a statement.[2] Moreover, Lee did not make an offer to prove to the trial court or to this Court regarding what he would have said. Under the circumstances, Lee has failed to demonstrate that fundamental error occurred.

Affirmed.

Vaidik, C.J., and Mathias, J., concur.

---

[2] Lee directs us to Judge Baker's concurring opinion in *Jones* and urges that trial courts "should be required to ask a probationer" if he wishes to make an allocution statement. Appellant's Br. at 16. Unless and until our supreme court decides to revisit this issue, we are bound by their precedent in this area.