## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 10 2017, 9:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Bernice A. N. Corley
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael L. Townsend,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 10, 2017

Court of Appeals Case No.
49A02-1704-CR-664

Appeal from the Marion Superior Court

The Honorable Marshelle D. Broadwell, Magistrate

Trial Court Cause No.
49G17-1702-F6-4890

**Mathias, Judge.**

[1]     Michael Townsend ("Townsend") was sentenced in Marion Superior Court to 180-days in community corrections with 176 days suspended to probation. The

only issue on appeal is whether the trial court denied Townsend his right to allocution at his sentencing hearing.

[2] We affirm.

## Facts and Procedural History

[3] On February 6, 2017, the State charged Townsend with two counts of Level 6 felony domestic battery, two counts of Class A misdemeanor battery, and one count of Class A misdemeanor interference with the reporting of a crime.[1] At the conclusion of a bench trial on March 2, 2017, the trial court found Townsend guilty of all charges. One week later, the trial court held a sentencing hearing. At the hearing, and prior to argument from counsel, the following exchange occurred:

> [Court]: And, with respect to Mr. Townsend, did he have evidence?
>
> [Counsel]: Judge, he does not want to give a statement or testify, but I do have some summary, if I could make that summary on his behalf.
>
> [Court]: Okay, is- as argument, or?
>
> [Counsel]: I can do it as part of argument.
>
> [Court]: Okay, we'll let the State proceed then. So, sir, you're saying that you're giving up your right to make a statement at this time?
>
> [Townsend]: Yes.
>
> [Court]: Okay. All right, go ahead, State.

---

[1] The State later added two counts of Class A misdemeanor domestic battery, the lesser included offenses of the Level 6 felony domestic battery charges.

Tr. Vol. III, p. 5.

[4] At the end of the sentencing hearing, the trial court sentenced Townsend to concurrent 180-day sentences on each conviction in community corrections with 176 days suspended to probation. Townsend now appeals.

## Discussion and Decision

[5] Townsend claims that the trial court denied him the right to allocution. The right to allocution is "the opportunity at sentencing for criminal defendants to offer statements in their own behalf before the trial judge pronounces sentence." *Biddinger v. State*, 868 N.E.2d 407, 410 (Ind. 2007). This right has existed at common law since 1682 and was first codified in Indiana in 1905. *Jones v. State*, 79 N.E.3d 911, 914 (Ind. Ct. App. 2017). The current enactment of our allocution statute provides:

> When the defendant appears for sentencing, the court shall inform the defendant of the verdict of the jury or the finding of the court. The court shall afford counsel for the defendant an opportunity to speak on behalf of the defendant. The defendant may also make a statement personally in the defendant's own behalf and, before pronouncing sentence, the court shall ask the defendant whether the defendant wishes to make such a statement. Sentence shall then be pronounced, unless a sufficient cause is alleged or appears to the court for delay in sentencing.

Ind. Code § 35-38-1-5.

[6] Our supreme court has explained, "In Indiana, the purpose of the right of allocution is to give the trial court the opportunity to consider the facts and

circumstances relevant to the sentencing of the defendant in the case before it."
*Ross v. State*, 676 N.E.2d 339, 343 (Ind. 1996). As long as a defendant is provided with the opportunity to explain his view of the facts and circumstances, the purpose of the right of allocution has been accomplished. *Vicory v. State*, 802 N.E.2d 426, 430 (Ind. 2004). On appeal, "a defendant claiming that he was denied his right to allocution carries a strong burden in establishing his claim." *Id.* at 429 (internal citations omitted).

[7]   Townsend argues that "the trial court was obligated to *advise* Townsend of his right of allocution at the sentencing hearing but did not."[2] Appellant's Br. at 7 (emphasis in original). We disagree.

[8]   Townsend cites to our recent decision in *Jones v. State* to support his argument. 79 N.E.3d 911. In that case, we concluded that the trial court committed fundamental error by failing to directly inquire whether Jones wished to exercise his right of allocution. *Id.* at 917. The entirety of the colloquy about Jones's interest in exercising his right of allocution was as follows:

> [Court]:    Does your client wish to execute his right of allocution?

---

[2] Townsend also urges us that "[t]he right of allocution, like the right to the trial by jury, should require the trial court to give the defendant an advisement, which would establish a record that the defendant's waiver was knowing, voluntary, and intelligent." Appellant's Br. at 8. We decline to extend such a requirement and decline to equate the right of allocution with the right to a jury trial. Our supreme court has referred to the right to a jury trial as "a bedrock of our criminal justice system" which is specifically guaranteed by our state and federal constitutions. *Horton v. State*, 51 N.E.3d 1154, 1158 (Ind. 2016). We cannot say the same for the right of allocution.

[Counsel]:    No, Judge.

*Id.* at 916. Jones himself was not personally addressed, and we explained, "It is loss of the opportunity to engage in or *personally waive the opportunity for allocution* that is the harm to be cured here." (emphasis added).

[9] The "harm" recognized in *Jones* is simply not before us here. Townsend was asked directly and personally by the trial court about his desire to make a statement. Tr. Vol. III, p. 5.  Immediately after Townsend's counsel notified the trial court that Townsend did not wish to make a statement, the following exchange took place:

> [Court]:      So, sir, you're saying that you're giving up your
> right to make a statement at this time?
> [Townsend]: Yes.

*Id.*

[10] Unlike the defendant in *Jones*, the purpose of the statute here was served. Townsend was provided with "the opportunity to engage in or personally waive the opportunity for allocution," *Jones*, 79 N.E.3d at 917, and he personally made the decision to waive that right. *See Ross*, 676 N.E.2d at 344 (holding that "the trial court should unambiguously address the defendant and leave no question that the defendant was given an opportunity to speak on his own behalf."). This is not a situation where the defendant was never informed of his right of allocution. *Cf. Owens v. State*, 69 N.E.3d 531, 534 (Ind. Ct. App. 2017) (ruling the trial court erred when it failed to advise Owens of his right to speak

on his own behalf, or provide Owens with any opportunity to make a statement). Townsend was advised of his right to allocution, and he explicitly declined to exercise it. Accordingly, we find no error.

[11] Affirmed.

Vaidik, C.J., and Crone, J., concur.