Dean A. BUNTING, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 35A05–0604–CR–201.

Court of Appeals of Indiana.

Oct. 5, 2006.

Transfer Denied Nov. 8, 2006.

Daniel J. Vanderpool, Vanderpool Law Firm, PC, Warsaw, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Kelly A. Miklos, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Defendant Dean A. Bunting ("Bunting") appeals his conviction for Operating While Intoxicated with a Prior Conviction, a Class D felony.[1] We affirm.

### Issues

Bunting presents two issues for review:

I. Whether he was denied his rights under the United States Constitution and the Indiana Constitution to have a jury determine whether he had a prior conviction for Operating While Intoxicated; and

2. Whether the admission of lay opinion testimony on Bunting's intoxication and his refusal to take a portable breath test constituted fundamental error.

### Facts and Procedural History

On December 9, 2004, shortly after midnight, Officers Matt Hughes and Brian Double were patrolling a roadway in Huntington County when Officer Hughes saw a vehicle enter a right turn lane but continue to drive through the intersection. The vehicle then traveled along the right hand curb over an area designated for off-street parking, moved away from the curb, and crossed the centerline of the roadway. Officer Hughes then turned on his emergency light to initiate a traffic stop, and the vehicle stopped in the middle of an intersection.

Officer Hughes approached the stopped vehicle, where Bunting sat in the driver's

---

1. Ind.Code § 9–30–5–3.

seat, making gestures with his hands. After repeated requests from Officer Hughes, Bunting rolled down his window. Officer Hughes detected an odor of alcoholic beverages coming from the vehicle, and observed that Bunting's eyes were bloodshot. Officer Hughes asked Bunting to step out of the vehicle and perform some field sobriety tests.

When Bunting walked to the back of his vehicle, he staggered. He repeatedly asked why he had been pulled over, and became agitated. He admitted that he had been drinking alcohol, but would not say how much. Bunting failed the Horizontal Gaze Nystagmus test, and a "walk-and-turn" test. (Tr. 184.) During the latter test, Bunting almost fell to the ground. Officer Hughes then offered Bunting a portable breath test. Bunting would fill his cheeks with air until they were puffed up, but he would not blow into the tube.[2] After several failed attempts to administer the portable breath test, Officer Hughes advised Bunting of implied consent law and indicated that Bunting could take a blood alcohol test. Bunting agreed to the blood test.

Officers Hughes and Double took Bunting to a hospital for the administration of a blood test. However, Bunting became agitated and began to scream obscenities at the officers and hospital personnel. He refused the blood test, and resisted the officers' efforts to secure his hands in handcuffs behind his back. Ultimately, Bunting raised his feet and had to be carried back to the police vehicle.

On December 10, 2004, the State charged Bunting with Operating While Intoxicated with a Prior Conviction, a Class D felony. Bunting's bifurcated trial commenced on November 17, 2005, and the jury found Bunting guilty of operating a vehicle while intoxicated, which would independently constitute a Class C misdemeanor. Bunting's attorney advised the court that Bunting and the State had stipulated to the fact that Bunting had a prior conviction for operating a vehicle while intoxicated within the previous five years, and the jury was dismissed without objection. Thereafter, Bunting admitted in open court that he had a July 15, 2001 conviction for operating a vehicle while intoxicated. The trial court entered a judgment of conviction for the offense of Driving While Intoxicated with a Prior Conviction, a Class D felony. On December 20, 2005, the trial court sentenced Bunting to three years imprisonment, with one year suspended. Bunting now appeals.

### Discussion and Decision

#### I. Right to Jury Trial

■ Bunting admits that he exercised his right to a jury trial and a jury found him guilty of the underlying offense of driving while intoxicated, but claims that he was "not afforded a jury trial on the most serious of the charges against him," i.e., that he had a prior conviction for driving while intoxicated. Appellant's Br. at 8. The issue he presents distills to whether the State alleged the commission of a separate crime with discrete elements, or whether the State alleged the existence of a sentencing enhancement factor.

The United States Supreme Court held in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at

---

**2.** Because Bunting had a tracheotomy, Officer Hughes verified that Bunting was able to blow out air before he offered the portable alcohol test tube to Bunting.

490, 120 S.Ct. 2348. Prior convictions were expressly excluded from the *Apprendi* holding, having been previously established by proof beyond a reasonable doubt. *See id.*[3]

Moreover, the *Apprendi* Court declined to overrule *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). In *Almendarez–Torres,* the Court rejected the petitioner's constitutional claim that his recidivism must be treated as an element of his offense. *Id.* at 247, 118 S.Ct. 1219. In reaching that decision, the Court quoted *Graham v. West Virginia,* 224 U.S. 616, 629, 32 S.Ct. 583, 56 L.Ed. 917 (1912): "recidivism does not relate to the commission of the offense but goes to the punishment only." *Id.* at 244, 32 S.Ct. 583. The *Almendarez–Torres* Court also reiterated the language of *Graham* with regard to double jeopardy concerns: "the sentencing-related circumstances of recidivism are not part of the definition of the offense for double jeopardy purposes." *Id.* (quoting *Graham,* 224 U.S. at 623–24, 32 S.Ct. 583). Accordingly, Bunting was not charged with multiple crimes and the recidivist-sentencing factor here at issue did not constitute a separate element of a separate crime. Bunting did not suffer a deprivation of his Sixth Amendment right to a jury trial because the recidivist factor was not tried before his jury in the instant case.

 With regard to his claim that he was denied his right to a jury trial under the Indiana Constitution, Bunting speculates that the jury might have exercised "the jury nullification power" had it been charged with determining whether he had a prior conviction for driving while intoxicated.[4] Appellant's Br. at 12–13. Bunting's argument is unavailing for three reasons. First, he waived his right to have a jury decide that he had a prior conviction by stipulating that he did in fact have a prior conviction. Second, if the jury dismissal did not comport with Bunting's understanding of the effect of the stipulation, he nevertheless failed to object to the dismissal of the jury. A party may not sit idly by, permit the court to act in a claimed erroneous manner, and subsequently attempt to take advantage of the alleged error. *Robles v. State,* 705 N.E.2d 183, 187 (Ind.Ct.App.1998). Finally, even if there had been a remaining issue for the jury's determination, a jury is not empowered to blatantly disregard the law or the facts before it, as Bunting suggests. "Notwithstanding Article I, Section 19 of the Indiana Constitution, a jury has no more right to ignore the law than it has to ignore the facts in a case." *Bivins v. State,* 642 N.E.2d 928, 946 (Ind.1994), *reh'g denied.*

In light of the foregoing, Bunting has not established that he was deprived of his right to a jury trial under either the United States Constitution or the Indiana Constitution.

## II. Fundamental Error in the Admission of Evidence

 Bunting next claims that he was prejudiced by "the drumbeat repetition of evidence of negligible probative value" when several police officers were allowed

---

3. Our Indiana Supreme Court has determined that a sentence may be enhanced upon facts that "are established in one of several ways: 1) as a fact of prior conviction; 2) by a jury beyond a reasonable doubt; 3) when admitted by a defendant; and 4) in the course of a guilty plea where the defendant has waived *Apprendi* rights and stipulated to certain facts

or consented to judicial factfinding." *Trusley v. State,* 829 N.E.2d 923, 925 (Ind.2005).

4. Under Article 1, Section 19 of the Indiana Constitution, a jury in a criminal case "shall have the right to determine the law and the facts."

to offer opinion testimony that Bunting was intoxicated on December 9, 2004, and also to testify that Bunting was uncooperative with proffered alcohol testing.[5] Bunting failed to lodge an objection that such evidence lacked probative value or was prejudicial to him. Failure to contemporaneously object to the trial court's decision to admit evidence generally means that a party has not preserved any claim for appeal. *Goodwin v. State,* 783 N.E.2d 686, 687 (Ind.2003). The fundamental error exception to this rule permits reversal when there has been a blatant violation of basic principles that denies a defendant fundamental due process. *Id.*

■ Here, the record discloses that the State was required to rely upon lay testimony regarding Bunting's intoxication because he refused to cooperate with portable breath testing and with blood testing. "[L]aw enforcement testimony regarding an individual's intoxication is admissible." *Robles,* 705 N.E.2d at 186. Although the officers' testimony was not favorable to Bunting, it was neither irrelevant nor unduly prejudicial. Bunting has established no error, much less fundamental error, in the admission of the officers' testimony.

### Conclusion

Bunting has not established that he was denied his right to a jury trial. Nor has he demonstrated fundamental error in the admission of evidence.

Affirmed.

RILEY, J., and MAY, J., concur.

---

5. In addition to the testimony of arresting officers Hughes and Double, the State solicited opinion testimony from assisting Officers Christian Newton and Cory Boxell.