**Teddy L. GARCIA, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 57A03–0902–CR–75.**

Court of Appeals of Indiana.

Nov. 6, 2009.

Transfer Denied Jan. 14, 2010.

Patricia Caress McMath, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Indianapolis, IN, Tiffany N. Ro-

mine, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SULLIVAN, Senior Judge.

Following a jury trial, Teddy L. Garcia (Garcia) was convicted of Operating a Motor Vehicle While Intoxicated, as a Class A misdemeanor.[1] However, because the court found that Garcia had a prior conviction of driving while intoxicated, the offense was enhanced to a Class D felony.[2] He was also found to be a habitual substance offender.

The trial court sentenced Garcia to one and one-half years for the Class D felony and enhanced that sentence by an additional three and one-half years for the habitual substance offender determination. The aggregate sentence was therefore five years. The court suspended four years of that aggregate sentence and ordered two years of probation.

Upon appeal, Garcia asserts that the evidence was not sufficient to show that he was intoxicated at the time. He further claims that the court erred in finding that he had waived the right to have the jury determine whether he had the requisite previous conviction essential to elevation of the offense to a Class D felony and also to determine whether he was an habitual substance offender. The error claimed is that the court did not obtain a personal waiver from Garcia.

Because Garcia's assertion concerning the absence of a personal waiver is meritorious under controlling case precedent from our Supreme Court, we necessarily must reverse his conviction of an enhanced Class D felony and the court's determination that he is a habitual substance offend-

er. Absent a valid waiver of his right to have a jury determine the enhancement aspects of the case, Garcia is entitled to have a new trial as to those matters. In the alternative, we perceive that the State may choose to drop the enhancing elements of the aggregate five-year sentence and rely solely upon his jury conviction of Operating a Motor Vehicle While Intoxicated as a Class A misdemeanor. We conclude that the State may choose to do so because the evidence before the jury was sufficient to support the A misdemeanor conviction.

## I. SUFFICIENCY OF THE EVIDENCE

The parties agree that the conviction depends upon whether Garcia was intoxicated at the time and whether his vehicle operation was in a manner that endangered a person. *See Staley v. State*, 895 N.E.2d 1245, 1251 (Ind.Ct.App.2008), *trans. denied.* They further agree, as in *Staley*, that the impairment element of intoxication may be shown by "(1) the consumption of significant amounts of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; (6) failure of field sobriety tests; and/or (7) slurred speech." *See id.* Garcia does not contend that the evidence must establish each of the seven enumerated indications of intoxication; nor do the cases disclosed by our research so hold. To the contrary, Garcia concedes that convictions have been held appropriate when less than all such factors have been shown.

In the case before us, Officer Shearer stopped Garcia's vehicle when the vehicle was operated across the center line of the two lane road. Garcia exited his vehicle, and in doing so stumbled and re-

1.  I.C. 9–30–5–2(b)

2.  I.C. 9–30–5–3

gained balance by holding on to the driver's side door. He took a few staggering steps toward Officer Shearer and a back-up police officer (Tr. at 85). Garcia was ordered to reenter his vehicle and Officer Shearer noted a strong odor of alcohol coming from the vehicle. Garcia's eyes were "red and glossy (sic), his speech was slurred and there was an odor of alcohol coming from his breath." (Tr. at 87). Garcia admitted that he was coming from a bar and had consumed four beers. (Tr. at 89).

We hold that the evidence was sufficient to demonstrate that Garcia was in an impaired condition when operating the vehicle and that such operation was sufficient to endanger both himself and his girl-friend, who was a passenger in the vehicle. *See Weaver v. State,* 702 N.E.2d 750 (Ind. Ct.App.1998).

In essence, Garcia is merely requesting that we reweigh the evidence. We decline that invitation. *See Staley, id.*

## II. FAILURE TO OBTAIN PERSONAL WAIVER OF RIGHT TO JURY DETERMINATION

■ Garcia understandably relies upon our Supreme Court's unanimous opinion in *Kellems v. State,* 849 N.E.2d 1110 (Ind. 2008). In that case, the court enunciated the principles governing the validity of a waiver of the right to trial by jury.

The court reflected a degree of receptivity to the State's argument "that where a defendant has previously been advised of his right to a jury trial and personally indicated to the judge that he understood that right, his standing by in silence when his trial counsel requests or agrees to a bench trial constitutes a knowing, voluntary, and intelligent waiver of the right to a jury trial." 849 N.E.2d at 1113.

The court nevertheless refused to subscribe to that view and instead relied upon more stringent case law precedent represented by *Doughty v. State,* 470 N.E.2d 69 (Ind.1984). In doing so, the court was explicit in holding that a waiver requires assent to a bench trial "by defendant personally, reflected in the record before the trial begins either in writing or in open court. The record reflection must be direct and not merely implied. It must show the personal communication of the defendant to the court that he chooses to relinquish the right." 849 N.E.2d at 1113. Most importantly, we note, the *Kellems* court adopted the *Doughty* proposition that "counsel cannot waive a client's right to a jury trial." *Id.*

In the latter connection, Kellems' attorney, at a status conference at which Kellems was present, informed the trial court that after lengthy conversation with the client, Kellems had decided to forego a jury trial. However, the trial judge never questioned Kellems himself nor elicited any statement from Kellems of his waiver for the record. Our Supreme Court, in light of *Doughty,* held that counsel's purported waiver on behalf of Kellems was inadequate, and it reversed the conviction and remanded the cause for a new trial.

We conclude that the *Kellems* decision is binding precedent in the case before us. Although the trial court admirably engaged in a lengthy colloquy with Garcia concerning his right to have a jury determine whether he had committed the offenses requisite for the two enhancements, the court here, as in *Kellems* did not question Garcia "regarding the voluntariness of his waiver nor elicit[ ] any statement ... of his waiver for the record." *See* 849 N.E.2d at 1112.

In this respect, our decision would be best served by an extensive recitation of

what was said by the trial court, by defense counsel and by Garcia in open court:

COURT: Mr. Garcia I want to make sure you understand that this is what is called a trifurcated proceeding. There are basically three parts to this proceeding. The first part is what we just concluded, whether or not you were guilty or not guilty of the underlying offense the Operating While Intoxicated. The Jury has returned their verdict of guilty on that offense. Now the next phase of this trial would be to determine whether or not you had a prior conviction within the past five years, uh, for Operating While Intoxicated, and that would then bump the conviction up to a Class D Felony. Then the third part of this would be another proceeding to determine whether or not you have a total of three convictions for substance abuse offenses which are Class A Misdemeanors or greater that qualify as substance abuse offenses. Your attorney has basically said in discussions with you just now that you do have the qualifying prior conviction for Operating While Intoxicated and that you also have another conviction here in Noble County for Possession of Marijuana as a Class A Misdemeanor, thereby making the elevation to a Class D Felony apparently that that is the case and also showing that you a total of three convictions now for substance abuse offenses and therefore you are subject to habitual substance offender sentencing enhancement. Now you do have a right to have this jury listen to the evidence and make those determinations, but your attorney has indicated that he sees no reason to basically go through that process and have the jury determine whether you in fact have the prior convictions or not because he is basically saying the record is the record, but that is your decision. So if you wish to have the jury listen to the evidence and make a determination as to whether or not you qualify for both the enhancement to a Class D Felony as well as the Habitual Substance Offender enhancement, we will, we will have to do that and have the jury listen to that evidence and make that determination. But your attorney is indicating that he sees no reason to basically go through that process and he is basically saying that you would stipulate to those prior convictions and the fact that you are subject to enhancement of this case to a Class D Felony and also that you are a Habitual Substance Offender. Do you understand that?

DEFENDANT: Would I be able to explain to the jury about my situation on those past counts?

COURT: No. I mean, the question, well, the answer is, well the answer to that question is yes you could explain, but that is not, the question, the issue before the jury is were you convicted of those offenses.

DEFENDANT: I was convicted of them but it wasn't what they made it out to be.

COURT: Well, but that's not the issue before the jury. Okay? In other words we are not going back, we are not going to go back and rehash those cases. The only question is were you convicted? Did you, were you convicted of operating while intoxicated back in, uh, March 22, 2004, in Steuben County for the offense of driving while intoxicated as a Class A Misdemeanor?

DEFENDANT: See sir, I could answer that no because I was not in my car when the police officer . . .

COURT: No, the question is not whether, the question is were you convicted?

DEFENDANT: Yes, I was convicted because that is the way they fabricated it.

COURT: Well, then that is the issue.

DEFENDANT: But I wasn't in my vehicle when I got stopped.

COURT: The second issue being, uh, Possession of Marijuana. Were you convicted of Possession of Marijuana on August 23, 2006 here in Noble County?

DEFENDANT: That is another false, you know, I was convicted of it, yes, but it was an empty container with no marijuana it only smelled like it.

COURT: Well ...

DEFENDANT: Where do you see the marijuana in that?

COURT: Well, once again that's an issue that should have been, I probably assume addressed at that time. The question is were you convicted of those things?

DEFENDANT: Yes, I was.

COURT: So, I guess Mr. Hanson [Defense Counsel] ...

DEFENDANT: I just don't understand ...

COURT: ... on behalf of your client do you see any reason to proceed with a contested ...

[DEFENSE COUNSEL] I don't see the purpose. The convictions are there. I understand what he is saying.

COURT: I understand what he is saying too.

[DEFENSE COUNSEL] But the question is whether or not there is a conviction and there is a conviction.

(Tr. 183–187).

From the totality of the communications between and among Garcia, the trial court, and respective counsel, it is apparent that Garcia did not acquiesce in his attorney's representation of a waiver. To the contrary, Garcia expressed a desire to have the jury hear his explanation of why those prior convictions should be disregarded. The trial court, however, voiced the reasonable view that the validity of the priors was not a proper consideration for *this* jury. Only the fact of those convictions was germane.

Be that as it may, Garcia did not make a "personal communication" to the court that he wished to relinquish his right to have a jury determine whether the offense should be elevated to a Class D felony and whether he was a habitual substance offender.

The conviction of Operating a Motor Vehicle While Intoxicated, as a Class A Misdemeanor is affirmed. The elevated conviction as a Class D Felony is reversed, as is the Habitual Substance Offender enhancement. The cause is remanded for further proceedings.

Affirmed in part, reversed in part and remanded.

DARDEN, J., and KIRSCH, J., concur.