## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 26 2016, 9:43 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Suzy St. John
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dylan Theobald,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

February 26, 2016

Court of Appeals Cause No.
49A02-1506-CR-655

Appeal from the Marion Superior
Court

The Honorable Becky Pierson-
Treacy, Judge
The Honorable Ronnie Huerta,
Commissioner

Trial Court Cause No.
49G19-1412-CM-55837

**Barnes, Judge.**

# Case Summary

Dylan Theobald appeals his conviction for Class A misdemeanor possession of marijuana. We affirm.

# Issue

Theobald raises one issue, which we restate as whether fundamental error occurred when he did not receive a jury trial on the enhancement to Class A misdemeanor possession of marijuana.

# Facts

On December 21, 2014, the State charged Theobald with Class B misdemeanor possession of marijuana. In part two of the charging information, the charge was enhanced to a Class A misdemeanor based on Theobald's prior conviction of a drug offense. At his initial hearing, Theobald was informed:

> You have the right to a trial by jury. If you are charged with a misdemeanor and you wish to have a trial by jury, you must make a request for a jury trial at least ten (10) days prior to your trial setting. If you do not request a jury trial at least ten (10) days prior to your trial setting, you waive your right to a trial by jury.

App. p. 15. On May 15, 2015, Theobald filed a demand for a jury trial, which the trial court granted.

On June 4, 2015, a jury found Theobald guilty of Class B misdemeanor possession of marijuana. The following discussion then occurred:

The Court:  Now, how would you like to proceed?

[Defense Counsel]:  May I have a moment, Your Honor?

The Court:  Sure.

[Defense Counsel]:  Your Honor, I think that we can excuse the jury.  And do all of the other matters in front of the Court.

The Court:  Okay, State are you in agreement?

[Defense Counsel]:  Your Honor, we would like to poll first?

The Court:  Okay, we can do that.

[Jury is polled and excused.]

The Court:  Thank you.  All right.  All right, moving on.  Having been found guilty of Count I, will now come on for the enhancement which is page two or part two of Count I, Possession of Marijuana an enhancement as a Class A Misdemeanor for having previously been convicted of Possession of Marijuana in Shelby County.

Tr. pp. 131-34.  Theobald was then fingerprinted, and the State presented evidence that Theobald's fingerprint matched the fingerprint of the person convicted of Class A misdemeanor possession of marijuana in Shelby County in 2011.  The trial court found that Theobald did have a prior conviction and found him guilty of Class A misdemeanor possession of marijuana.  Theobald now appeals.

# Analysis

Theobald argues that fundamental error occurred when he received a bench trial on the enhancement after he had requested a jury trial. The right to a jury trial is guaranteed by the Indiana and United States Constitutions. *Young v. State*, 973 N.E.2d 643, 645 (Ind. Ct. App. 2012). A defendant charged with a felony has an automatic right to a jury trial unless he affirmatively waives the right, but misdemeanor charges, governed by Indiana Criminal Rule 22, are tried to the bench unless the defendant demands a jury trial in a timely manner. *Stevens v. State*, 689 N.E.2d 487, 489 (Ind. Ct. App. 1997). Indiana Criminal Rule 22 provides:

> A defendant charged with a misdemeanor may demand trial by jury by filing a written demand therefor not later than ten (10) days before his first scheduled trial date. The failure of a defendant to demand a trial by jury as required by this rule shall constitute a waiver by him of trial by jury unless the defendant has not had at least fifteen (15) days advance notice of his scheduled trial date and of the consequences of his failure to demand a trial by jury.

> The trial court shall not grant a demand for a trial by jury filed after the time fixed has elapsed except upon the written agreement of the state and defendant, which agreement shall be filed with the court and made a part of the record. If such agreement is filed, then the trial court may, in its discretion, grant a trial by jury.

According to Theobald, there is no evidence that he knowingly, voluntarily, and intelligently waived his right to a jury trial on the enhancement. He

contends that his failure to object to a bench trial on the enhancement does not constitute waiver and that a violation of the right to a jury trial is not subject to a harmless error analysis. The State argues that Theobald invited any error.

[7] We addressed a similar issue in *Bunting v. State*, 854 N.E.2d 921 (Ind. Ct. App. 2006), *trans. denied*. There, a jury found the defendant guilty of "operating a vehicle while intoxicated, which would independently constitute a Class C misdemeanor." *Bunting*, 854 N.E.2d at 923. The defendant's attorney then advised the trial court that the defendant and the State had stipulated to the defendant's prior conviction, and the jury was dismissed without objection. The defendant then admitted to having a prior conviction, and the trial court entered judgment of conviction for Class D felony driving while intoxicated.

[8] On appeal, the defendant argued that he should have been given a jury trial on the Class D felony enhancement. We held, in part, that "if the jury dismissal did not comport with [the defendant's] understanding of the effect of the stipulation, he nevertheless failed to object to the dismissal of the jury." *Id.* at 924. "A party may not sit idly by, permit the court to act in a claimed erroneous manner, and subsequently attempt to take advantage of the alleged error." *Id.*

[9] Similarly, here, although Theobald requested a jury trial, after the jury found him guilty of Class B misdemeanor possession of marijuana, Theobald's counsel said, "I think that we can excuse the jury. And do all of the other matters in front of the Court." Tr. p. 131. The trial court then excused the jury,

and the State presented evidence to the trial court regarding Theobald's prior conviction. The trial court found that Theobald had a prior conviction and found him guilty of Class A misdemeanor possession of marijuana. Theobald could not sit idly by, permit the trial court to act in the claimed erroneous manner, and then attempt to take advantage of the alleged error. We conclude that Theobald invited any error. "[E]ven constitutional errors may be invited." *Brewington v. State*, 7 N.E.3d 946, 977 (Ind. 2014), *cert. denied*. Theobald's argument regarding his right to a jury trial on the enhancement fails.

# Conclusion

[10] Theobald invited any error in the use of a bench trial rather than a jury trial regarding the enhancement of his conviction to a Class A misdemeanor. We affirm.

[11] Affirmed.

Robb, J., and Altice, J., concur.