## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 30 2018, 9:24 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher M. Forrest
Forrest Legal LLC
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE

Laura Boyer King
Scott & Aplin LLC
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| David A. Scott,<br>*Appellant-Petitioner,*<br><br>v.<br><br>Sara J. Scott,<br>*Appellee-Respondent* | January 30, 2018<br><br>Court of Appeals Case No.<br>02A03-1708-DR-1864<br><br>Appeal from the Allen Circuit Court<br><br>The Honorable Charles F. Pratt, Special Judge<br><br>Trial Court Cause No.<br>02C01-1410-DR-1333 |

**Crone, Judge.**

# Case Summary

David A. Scott ("Father") filed a motion for contempt and request for attorney's fees against Sara J. Scott ("Mother"). The trial court granted the motion and found Mother in contempt, but denied Father's request for fees. Father appeals and contends that the trial court erred in denying his request for attorney's fees. Concluding that Father has waived this assertion of error, we affirm.

# Facts and Procedural History

A decree dissolving the marriage between Father and Mother was entered on April 25, 2016. The decree incorporated the parties' mediated marital settlement agreement ("the Agreement"). The parties were granted joint legal custody of their three minor children, with Mother having primary physical custody and Father having parenting time. Pursuant to the Agreement, the parties are to maintain open communication "in an effort to mutually agree in regard to the general health and welfare, education and development of the minor children to the end that, insofar as possible, they may adopt a mutual harmonious policy to said children's upbringing." Appellant's App. Vol. 2 at 35. The Agreement further provides that the parties will jointly decide which schools the children will attend. *Id.* at 37.

Following the dissolution, Mother was required to vacate the marital residence which was in the Fort Wayne Community Schools district. She moved with the children to the Northwest Allen County Schools district. Because the

parties' oldest child had completed elementary school, Mother was required to enroll him in middle school. In July 2016, Mother informed Father that she had decided to enroll that child in Maple Creek Middle School in the Northwest Allen County Schools system rather than Jefferson Middle School in the Fort Wayne Community Schools system which he was otherwise in line to attend. Mother and Father exchanged text messages in which Father clearly objected to the enrollment.

[4] On August 25, 2016, Father filed a petition for contempt and request for attorney's fees against Mother. Father asserted that Mother intentionally and willfully disregarded the Agreement by enrolling the parties' oldest child in a new school without Father's agreement or consent, and without adequately discussing the matter with Father. Father alleged that he incurred attorney's fees as a direct result of Mother's "willful failure to abide by [the Agreement] and her responsibilities as a joint legal custodian." *Id*. at 57. Thus, Father requested reimbursement for the reasonable fees incurred.

[5] The trial court held a hearing on Father's contempt petition on January 20, 2017. On March 27, 2017, the trial court entered its order finding Mother in contempt. The trial court determined that Mother did not provide Father an opportunity to engage in discussion, but instead acted unilaterally in her decision to enroll the parties' oldest child in a new school, and that such action was willful and violated the trial court's orders. Regarding Father's request for attorney's fees, the trial court stated,

The Court is cognizant that the parties have had significant issues between them over the course of the pendency of this case. Taking judicial notice of the record the Court finds that there were four (4) protective orders filed and dismissed by [Father] against [Mother]. [Mother's] testimony regarding the difficulty with their communication was not contradicted. The [Agreement] to mutually work together for the benefit of the children is, then, a significant step in the right direction. *More time is likely needed for the parents to adjust to their new roles and the new ways decisions must now be made. Accordingly, the cost of the learning curve should not be assigned to one party. The request for fees is thus denied.*

*Id*. at 31 (emphasis added).

[6] Thereafter, Father filed a motion to correct error asserting that the trial court erred in denying his request for attorney's fees. In his motion, Father alerted the trial court for the first time to the fact that the parties' Agreement includes an indemnification clause in which the parties agreed to "indemnify and save and hold the other harmless from all damages, losses, expenses, fees (including reasonable attorney fees), and other costs and expenses incurred by reason of said party's violation or breach of any of the terms and conditions" of the Agreement. Following a hearing, the trial court denied the motion to correct error. This appeal ensued.

## Discussion and Decision

[7] In his motion to correct error and on appeal, Father claims that the trial court erred in denying his request for attorney's fees. As a general matter, a trial court has broad discretion in awarding attorney's fees in post-dissolution

proceedings, including contempt actions. *See* Ind. Code § 31-15-10-1; *Julie C. v. Andrew C.*, 924 N.E.2d 1249, 1261 (Ind. Ct. App. 2010); *Crowl v. Berryhill*, 678 N.E.2d 828, 831 (Ind. Ct. App. 1997). However, Father asserts that the trial court was without discretion to deny his request for attorney's fees for Mother's contempt because he is entitled to such fees based upon the indemnification clause in the parties' Agreement. Mother contends that Father has waived this assertion of error. We agree with Mother.

[8]  Our thorough review of the record reveals that, other than making a general request for attorney's fees as a sanction for Mother's contempt, Father did not raise or even mention the indemnification clause as a basis for recovery of attorney's fees in his contempt petition, or at any time during the evidentiary hearing before the trial court. Instead, he raised this basis for relief for the first time in his motion to correct error. It is well established that a party may not raise issues or arguments for the first time in a motion to correct error, and that such issues or arguments are waived on appeal. *Shepherd Props. Co. v. Int'l Union of Painters & Allied Trades, Dist. Council 91*, 972 N.E.2d 845, 849 n. 3 (Ind. 2012).

[9]  In his motion to correct error, Father speculates that the trial court "simply did not recall" that the Agreement contained an indemnification clause and that is what led to the court's erroneous belief that it had discretion to deny Father's fee request. Appellant's App. Vol. 2 at 68. However, Father did nothing to refresh the trial court's alleged lack of recollection and essentially invited the

trial court to exercise its discretion in considering whether to award attorney's fees as a sanction for Mother's contempt.[1]  Again, this amounts to waiver.  *See Bunting v. State*, 854 N.E.2d 921, 924 (Ind. Ct. App. 2006) ("A party may not sit idly by, permit the court to act in a claimed erroneous manner, and subsequently attempt to take advantage of the alleged error."); *trans. denied*. *Olcott Int'l & Co. v. Micro Data Base Sys., Inc.*, 793 N.E.2d 1063, 1077 (Ind. Ct. App. 2003) ("A party cannot invite error and then request relief on appeal based upon that ground; such an error cannot be reviewed by this court."), *trans. denied*.  We conclude that Father has waived his assertion of error on appeal. The trial court's order is affirmed.[2]

Affirmed.


Robb, J., and Bradford, J., concur.

---

[1] We are unpersuaded by Father's assertion that his request for the trial court to take judicial notice of its records, including the Agreement, was sufficient to alert the court to the existence of the indemnification clause.

[2] Because we affirm the trial court's order, we need not address Father's request for appellate attorney's fees.