# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 05 2019, 6:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Valerie K. Boots
Ellen M. O'Connor
Marion County Public Defender Agency
– Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Supervising Deputy Attorney
General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Yvonne Malukutila, *Appellant-Defendant,* v. State of Indiana, *Appellee-Plaintiff.* | July 5, 2019 Court of Appeals Case No. 18A-CR-2827 Appeal from the Marion Superior Court The Honorable Elizabeth A. Christ, Judge Trial Court Cause No. 49G24-1712-F6-48782 |

**Mathias, Judge.**

[1] Yvonne Malukutila ("Malukutila") was convicted in Marion Superior Court of operating a vehicle while intoxicated. Malukutila now appeals, arguing that her

right to a jury trial was violated when, after the first part of her bifurcated trial, the trial court did not secure a personal waiver from Malukutila regarding the enhancement from having a prior conviction for driving while intoxicated.

[2] Concluding that Malukutila stipulated that she had a prior conviction for driving while intoxicated, thereby inviting the error claimed, we affirm.

## Facts and Procedural History

[3] On December 17, 2017, Malukutila called 911 and reported that she had been involved in a hit and run accident. Officer Colin Anslow ("Officer Anslow") responded to the call at approximately 7:30 p.m. and drove to the reported location of the accident. Officer Anslow did not see Malukutila's vehicle at the location and was notified by control that Malukutila had driven to the parking lot of the Advanced Auto Parts store, just north of Officer Anslow's location. Officer Anslow found Malukutila in her vehicle and noticed that the front of the vehicle was damaged. Officer Anslow asked Malukutila for her license, registration, and insurance card. Malukutila fumbled when she reached for the documents, and Officer Anslow noticed the odor of alcoholic beverages coming from Malukutila's breath. Malukutila was given a preliminary breath test ("PBT"), which showed the presence of alcohol. Officer Anslow then transported Malukutila to Eskenazi Hospital.

[4] Officer Michael Duke ("Officer Duke") met Malukutila at the Eskenazi hospital and noticed that Malukutila's eyes were red and glassy. Officer Duke mirandized Malukutila, and she agreed to a chemical test. The chemical test

determined that Malukutila's blood alcohol content was 0.301 percent. Malukutila told Officer Duke she started drinking at 4 p.m. at her ex-spouse, Henry's, residence, but she left his home because he was physically abusive. Tr. pp. 78–85. Malukutila informed Officer Duke she had been a victim of domestic violence four days earlier and had left the house to get away from Henry, who was threatening to strangle her. *Id.* at 55, 78. Malukutila did not report the abuse during her 911 call because she did not want Henry to get in trouble. *Id.* at 78.

[5]     On December 21, 2017, the State charged Malukutila with Count I, Class A misdemeanor operating a vehicle with an alcohol concentration equivalent ("ACE") of .15 or more and Count II, Class C misdemeanor operating a vehicle while intoxicated. The State also charged Malukutila with Level 6 felonies for both counts, alleging that Malukutila was previously convicted of operating a vehicle while intoxicated on February 19, 2013.

[6]     A bifurcated jury trial was held on September 25, 2018. At trial, Malukutila asserted the affirmative defense of necessity, arguing that she drove her vehicle in order to flee an abusive situation. At the end of phase one, the jury found Malukutila guilty of both counts as misdemeanors. The parties had stipulated that if the jury found Malukutila guilty of the misdemeanor offenses, then Malukutila would admit her prior conviction. After the jury presented its verdict, and outside of the presence of the jury but before the jury was dismissed, the following exchange occurred:

THE COURT: How do you wish to proceed with Phase 2?

DEFENSE: I'm sorry?

THE COURT: Regarding Phase 2 of this jury?

DEFENSE: Well, we have an agreed stipulation that there would not be – requirement of the records we presented that in the event of the guilty finding in this case that she would also admit to the -- -- to having the previous conviction.

STATE: So, Judge, at this time may I read that into the record for factual basis?

THE COURT: Do you -- I think that that would have to be read in front of the jury.

DEFENSE: I have seen it done. . .

STATE: I don't think we did last week?

THE COURT: We didn't do it last week?

DEFENSE: No and I've seen it done in other courts where it's bifurcated, and it doesn't have to be in front of a jury.

THE COURT: All right, why don't you go ahead and read the agreed stipulation into the record. I'm going to ask then, Ms. Malukutila if she's heard this and she understands it.

DEFENSE: And afterwards, Your Honor, if we may, we have a request for the court.

STATE: Your Honor, may I proceed?

THE COURT: Yes.

STATE: The undersigned, swears or affirms that Count 1, Part 2, that Yvonne Malukutila, heretofore, charged and convicted in Count 1 on page 1, with Operating a Vehicle with An Alcohol Concentration of .15 or more was previously convicted of the defense [sic] of Operating a Vehicle While Intoxicated in the Superior Court of Marion County, on or about February 19, 2013 and that said conviction occurred within 5 years of the date alleged on Page 1 and that Count 2, part 2, that Yvonne Malukutila, heretofore charged, in Count 2 on Page 1, with Operating a Vehicle While Intoxicated, was previously convicted of the offense of Operating a Vehicle While Intoxicated in the Superior Court of Marion County, Indiana on or about February 19, 2013, and that said conviction occurred within five (5) years of the date alleged on Page 1 of the Information.

***

THE COURT: This statement and saying [it's] true, is what takes the misdemeanor, operating while intoxicated, and makes it a felony. Do you understand that?

MS. MALUKUTILA: Yes.

THE COURT: All right. And so, when I asked you if it's true – if you heard what the prosecutor read and is it true or false, is that still your answer?

MS. MALUKUTILA: Yes.

THE COURT: Okay, I just saw you turn to your Lawyer like you didn't know what to say and I want to make sure that your statement is true and that there's nothing else to add. Mr. Flowers, is there anything else to add?

DEFENSE: Yes Your Honor, we have discussed with the State if this had occurred, we have requested and made note of our --- what our request would be of the court, which would be that given her commitment to this case, and that she actually be --- be allowed to have a sentencing date and that she be allowed to go home during that time period. I believe the State is actually in agreement with that.

Tr. pp. 101–103. At the sentencing hearing on October 31, 2018, the trial court stated that it would merge Count II into Count I and enter judgment on Count I as a Class A misdemeanor.[1] Tr. p. 113. Malukutila was sentenced to 355 days, with 353 days suspended to probation. Malukutila now appeals.

## Discussion and Decision

[7]     Malukutila contends that the trial court violated her right to a jury trial when it failed to secure a knowing and voluntary waiver of her right to have the enhancement for a prior conviction heard by a jury. "The jury trial right is a bedrock of our criminal justice system, guaranteed by both Article 1, Section 13 of the Indiana Constitution and the Sixth Amendment to the United States Constitution." *Horton v. State,* 51 N.E.3d 1154, 1158 (Ind. 2016). Under Indiana

---

[1] However, in the sentencing order and the abstract of judgment, there are two Class A misdemeanor convictions for both Counts I and II with concurrent sentences of 355 days each. Appellant's App. pp. 12–15.

constitutional jurisprudence, "in a felony prosecution, waiver is valid only if communicated personally by the defendant." *Id.* Personal waiver of the right to a jury trial may be either in writing or in open court. *Id.* at 1159. Indiana has rejected the purported waiver of a right to a jury trial where such waiver is communicated solely by a defendant's counsel. *Id.* at 1158–59. This is to assure that the waiver is made in a knowing, intelligent, and voluntary manner, with sufficient awareness of the surrounding circumstances and the consequences. *Kellems v. State,* 849 N.E.2d 1110, 1112 (Ind. 2006). The validity of a jury trial waiver is a question of law, which appellate courts review de novo. *Horton*, 51 N.E.3d at 1157.

[8] Here, Malukutila was entitled to a jury trial on both the misdemeanor counts and the felony enhancement counts. *See* Ind. Const. Art. 1, § 13 ("In all criminal prosecutions, the accused shall have the right to a public trial, by an impartial jury"). The State argues that Malukutila waived her right to a jury trial for the felony enhancement phase when she admitted to having a prior conviction in open court and insisted on making the admission outside the presence of the jury. Therefore, the State contends any error was actually invited error.

[9] The "'doctrine of invited error is grounded in estoppel,' and forbids a party to 'take advantage of an error that [he] commits, invites, or which is the natural consequence of [his] own neglect or misconduct.'" *Brewington v. State*, 7 N.E.3d 946, 975 (Ind. 2014) (quoting *Wright v. State*, 828 N.E.2d 904, 907 (Ind. 2005)). Even fundamental errors may be invited. *Id.* at 977.

[10] Malukutila was represented by counsel when she stipulated that if the jury found her guilty of the misdemeanor offenses, then she would admit her prior conviction. After Malukutila was found guilty of the misdemeanor counts by a jury, Malukutila by counsel insisted that the admission would not have to be in front of the jury, even after the trial judge advised to bring in the jury.

[11] We addressed a similar issue in *Bunting v. State*, 854 N.E.2d 921 (Ind. Ct. App. 2006), *trans. denied*. There, a jury found the defendant guilty of "operating a vehicle while intoxicated, which would independently constitute a Class C misdemeanor." *Id.* at 923. The defendant's attorney then advised the trial court that the defendant and the State had stipulated to the defendant's prior conviction, and the jury was dismissed without objection. The defendant then admitted to having a prior conviction, and the trial court entered judgment of conviction for Class D felony driving while intoxicated.

[12] On appeal, the defendant argued that he should have been given a jury trial on the Class D felony enhancement. We held, in part, that "if the jury dismissal did not comport with [the defendant's] understanding of the effect of the stipulation, he nevertheless failed to object to the dismissal of the jury." *Id.* at 924. "A party may not sit idly by, permit the court to act in a claimed erroneous manner, and subsequently attempt to take advantage of the alleged error." *Id.*

[13] Here, similarly, after the jury found Malukutila guilty of two counts of Class A misdemeanor operating vehicle while intoxicated, the trial judge asked Malukutila's counsel if the record for factual basis should be read in the

presence of the jury. Malukutila's counsel said, "No and I've seen it done in other courts where it's bifurcated, and it doesn't have to be in front of a jury." Tr. pp. 101–102. The trial court then dismissed the jury, and the State presented evidence to the trial court regarding Malukutila's prior conviction. Malukutila stated the evidence presented by the State was true and understood the felony enhancement. *Id.* at 102–103. At sentencing, the trial court found that Malukutila had a prior conviction for driving while intoxicated, entered conviction on the Class A misdemeanor counts, and did not elevate the conviction to a felony. Thus, Malukutila had a jury trial on the misdemeanor charges and did not lose anything by not making her admission of having a prior conviction in front of a jury. Malukutila could not sit idly by, permit the trial court to act in the claimed erroneous manner, and then attempt to take advantage of the alleged error. In addition, Malukutila personally confirmed the accuracy of the stipulation and its likely effect on her sentencing. We conclude that Malukutila invited any error.

[14] Additionally, as noted above, judgment was entered as a Class A misdemeanor. Even though the evidence would have supported a Level 6 felony conviction, the trial court did not enter it as such. In the absence of Malukutila's stipulation, the evidence was still sufficient to convict Malukutila of Class A misdemeanor operating a vehicle while intoxicated on Count I, because her ACE was well over 0.15, and she admitted to Officer Duke that she was drunk. Tr. p. 53. Further, the remedy that Malukutila seeks from this court, re-trial on the Level 6 felony enhancement, could potentially result in a felony conviction.

The trial court did not enter a conviction on the Level 6 felony enhancement, and we are puzzled as to why Malukutila would incur the risk of a felony conviction by having this case remanded to the trial court.

## Conclusion

Under these facts and circumstances, we conclude that Malukutila invited any error by stipulating to the facts of the enhancement phase of her trial without the intervention of a jury. Indeed, Malukutila herself acknowledged in open court both the factual stipulation and the sentencing effect that stipulation would have. Therefore, Malukutila cannot now claim error in the trial court's failure to obtain a specific, personal waiver from her. However, we remand to the trial court to vacate the conviction on Count II and have the written sentencing order reflect that Count II was merged with Count I and that Count II was vacated. Accordingly, we affirm Malukutila's convictions but remand for clarification of the merged status of the conviction at issue.

May, J., and Brown, J., concur.