## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 26 2020, 9:36 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEYS FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Amy E. Karozos<br>Public Defender of Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana |
| Corinne J. Lightner<br>Deputy Public Defender<br>Indianapolis, Indiana | Lauren A. Jacobsen<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Stephen C. Rainey,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent* | February 26, 2020<br><br>Court of Appeals Case No.<br>19A-PC-2120<br><br>Appeal from the Vanderburgh<br>Superior Court<br><br>The Honorable Robert J. Pigman,<br>Judge<br><br>Trial Court Cause No.<br>82D03-1712-PC-6071 |

**Baker, Judge.**

[1] Stephen Rainey appeals the denial of his petition for post-conviction relief, arguing that the post-conviction court should have found that he received the ineffective assistance of appellate counsel. Finding no error, we affirm.

## Facts

[2] On July 22, 2014, the State charged Rainey with Level 2[1] felony dealing in methamphetamine and Level 6 felony resisting law enforcement and alleged that he was an habitual offender.[2] Rainey's jury trial took place on October 31, 2016.

[3] While the jury was deliberating, Rainey's trial counsel requested a hearing regarding a prior conviction. For both Level 3 felony dealing in methamphetamine and the lesser-included offense of Level 5 felony possession of methamphetamine, a prior conviction for dealing in a controlled substance other than marijuana is an "enhancing circumstance" that increases the level of felony. Ind. Code § 35-48-1-16.5(1). Therefore, Rainey's attorney requested a hearing so that Rainey could stipulate to the fact that he had a prior conviction for Class B felony dealing in methamphetamine.

---

[1] Originally, the State charged Rainey with this offense as a Level 2 felony based on an allegation that the amount of methamphetamine involved was at least ten grams. Later, the State filed an amended charge, alleging that the amount of methamphetamine was between five and ten grams. That amount of the drug would render the offense a Level 3 felony, but when an enhancing circumstance applies it becomes a Level 2 felony. The amended charging information continued to list the underlying felony as a Level 2, but we believe that to be a scrivener's error, as it should have been a Level 3 felony, with a separate enhancing circumstance allegation raising it to a Level 2 felony.

[2] The State later dismissed the resisting law enforcement charge and the habitual offender allegation.

[4]     At that hearing, the following conversation occurred on the record between Rainey, his attorney, and the trial court:

> Counsel:     . . . The likelihood of this jury finding you not-guilty of anything is slim to none, you understand that. The fight was whether this is a Level 2 or a Level 4 [sic]. [The State] has the obligation to prove this beyond a reasonable doubt to the jury. Well basically all [the prosecutor] has to do is tender a certified docket [showing the prior conviction], which I've let you review. The other thing we can do is, we can simply say, yes Judge this is true but Judge will need to know the answer to that before we get there because the jury will have either to stay or be sent home. Do you have an option one way or the other as to—
>
> Rainey:     (Interrupting) What do you mean?
>
> Counsel:     But what I want to know is do you want to stipulate that this fact is true? That you have a prior dealing conviction or do you want [the prosecutor] to have to prove that in front of this jury?
>
> Rainey:     I don't understand?
>
> Counsel:     Okay.
>
> Rainey:     (Inaudible.)
>
> Counsel:     Well what happens, the jury is going to return a verdict. And it's either going to be one way or the other. It's either going to be a Dealing of Methamphetamine as a Level 3 or it's going to be

Possession as a Level 5. We then have the second phase of the trial, that is the enhancing circumstance, and we walked through that this morning. It turns into a Level 4, Possession, if you have an enhancing circumstance.

Rainey: Mm-hmm (affirmative).

Counsel: It turns into a Level 2 Dealing, if you have an enhancing circumstance. The enhancing circumstance that applies to you is that you have a prior dealing charge that resulted in a B Felony conviction. So [the prosecutor] is either going to have to present this before the jury and we're going to have to then send them out, and do new verdict forms saying does he have an enhancing circumstance or not; or we can say, Judge, we agree that this is true.

Rainey: What is better?

Counsel: I'm not sure I can give a recommendation on this one.

*** 

Counsel: . . . I—it's truly a personal choice. I can tell you that I would not put this before the jury. If you don't want to admit this I would let Judge Pigman make the determination. I never think this is needed in front of a jury. I mean the quest—the question is that I see is, is this true? I think you and I've talked about it enough that we—that we know so.

Rainey:     (Inaudible) how—how far can they go back (inaudible)?

Counsel:    How? They can go back forever on enhancing circumstances. There is no time limit.

Rainey:     That was my first charge ever though.

Counsel:    Yep, it was. The question is did it result in a dealing conviction?

Rainey:     Yeah (affirmative).

***

Counsel:    (Inaudible).

Rainey:     Yes.

Counsel:    Okay. Judge, I believe we're willing to stipulate to the—

Court:      (Interrupting). Okay. You admit you have that conviction, is that right Mr. Rainey?

Rainey:     Yes.

***

Counsel:    It resulted in what type of conviction?

Rainey:     A, B. (Defendant indicates B felony).

| | |
|---|---|
| Counsel: | Tell the Judge what your sentence was. |
| Rainey: | Six, do three years.  First time I ever went to prison. |
| Court: | Okay.  All right we will show the defendant admits that.  So there won't be a need for an enhancing circumstance trial. |

Trial Tr. Vol. I p. 90-94.

[5]     Following deliberations, the jury found Rainey guilty of the lesser-included offense of Level 5 felony possession of methamphetamine.  The trial court entered the conviction as a Level 4 felony based on the enhancing circumstance of Rainey's prior conviction and sentenced him to a ten-year term.  Rainey filed a direct appeal, arguing only that the sentence was inappropriate in light of the nature of the offense and his character; this Court affirmed.  *Rainey v. State*, No. 82A01-1612-CR-2857 (Ind. Ct. App. May 31, 2017).

[6]     On December 4, 2017, Rainey filed a pro se petition for post-conviction relief; his petition was later amended by counsel on March 22, 2019.  The amended petition alleged that Rainey had received the ineffective assistance of appellate counsel because in the direct appeal, counsel failed to raise the lack of a personal, knowing, and voluntary waiver of a jury trial on Rainey's prior conviction.[3]

---

[3] Rainey also argued that appellate counsel should have sought a reversal because Rainey's stipulation to his prior conviction amounted to a guilty plea without the required advisements.  He has abandoned that

[7]     The post-conviction court held an evidentiary hearing on Rainey's petition on May 10, 2019. Appellate counsel testified at that hearing, explaining that

> . . . I do remember talking to my law partner about it in some detail, . . . and sort of batting back and forth the idea of—of . . . raising that issue and I think at the end of the day I didn't feel like it was the appropriate issue . . . for appeal given that it was either a stipulation or a guilty plea. If it was a stipulation I didn't think that he was entitled to a waiver and if it was a guilty plea . . . . I didn't think . . . direct appeal was the appropriate place to bring it.

PCR Tr. Vol. II p. 10. Counsel testified that she was "never a fan" of the sentencing issue she raised in the direct appeal and stated that she had no strategic reason for not making an argument as to Rainey's waiver of a jury trial on his prior conviction. *Id.* On August 26, 2019, the post-conviction court denied Rainey's petition for post-conviction relief, adopting wholesale the State's proposed findings of fact and conclusions of law. Rainey now appeals.

# Discussion and Decision

[8]     The general rules regarding the review of a ruling on a petition for post-conviction relief are well established:

> "The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the

---

argument on appeal and "agrees with the post-conviction court's determination that his elevated offense was adjudicated at a bench trial." Appellant's Br. p. 14; *see also Garrett v. State*, 737 N.E.2d 388, 392 (Ind. 2000) (holding that stipulation regarding prior offenses did not amount to a guilty plea and was instead a bench trial).

evidence." *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004).
"When appealing from the denial of post-conviction relief, the
petitioner stands in the position of one appealing from a negative
judgment." *Id.* To prevail on appeal from the denial of post-
conviction relief, a petitioner must show that the evidence as a
whole leads unerringly and unmistakably to a conclusion
opposite that reached by the post-conviction court. *Weatherford v.
State*, 619 N.E.2d 915, 917 (Ind. 1993). Further, the post-
conviction court in this case made findings of fact and
conclusions of law in accordance with Indiana Post-Conviction
Rule 1(6). Although we do not defer to the post-conviction
court's legal conclusions, "[a] post-conviction court's findings
and judgment will be reversed only upon a showing of clear
error—that which leaves us with a definite and firm conviction
that a mistake has been made." *Ben-Yisrayl v. State*, 729 N.E.2d
102, 106 (Ind. 2000) (quotation omitted).

*Hollowell v. State*, 19 N.E.3d 263, 268-69 (Ind. 2014).

[9]     Rainey's primary argument on appeal is that the post-conviction court

erroneously determined that he did not receive the ineffective assistance of

appellate counsel. To establish ineffective assistance of appellate counsel, the

petitioner must show that (1) appellate counsel was deficient in his or her

performance, and (2) the deficiency resulted in prejudice. *Id.* at 269. Failure to

satisfy either prong will cause the claim to fail. *Henley v. State*, 881 N.E.2d 639,

644 (Ind. 2008). To satisfy the first prong, the defendant must show that

counsel's representation fell below an objective standard of reasonableness,

committing errors so egregious that the defendant did not have the counsel

guaranteed by the Constitution. *Hollowell*, 19 N.E.3d at 269. To satisfy the

second prong, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.*

[10] Ineffective assistance of appellate counsel claims fall into three categories: denial of access to an appeal; waiver of issues; and failure to present issues well. *Bieghler v. State*, 690 N.E.2d 188, 193 (Ind. 1997). Rainey's claim falls into the second category: waiver. In evaluating claims regarding waiver of issues on direct appeal, we consider (1) whether the unraised issues are significant and obvious from the face of the record; and (2) whether the unraised issues are clearly stronger than the raised issues. *Id.* at 194.

[11] Rainey argues that his appellate counsel was ineffective for failing to argue that Rainey did not make a personal, knowing, and voluntary waiver of his right to a jury trial on the enhancing circumstance of his prior Class B felony conviction. As noted above, possession of methamphetamine is a Level 5 felony if the amount of the drug involved is between five and ten grams, but the offense becomes a Level 4 felony "if an enhancing circumstance applies." I.C. § 35-48-4-6.1(c), -6.1(d). If the defendant has a prior conviction for dealing in a controlled substance other than marijuana, an enhancing circumstance applies. I.C. § 35-48-1-16.5(1).

[12] As with any element of a criminal charge, the State has the obligation to prove the enhancing circumstance beyond a reasonable doubt, and as with any felony, the defendant has a constitutional right to a jury trial. *See Jones v. State*, 810 N.E.2d 777, 779 (Ind. Ct. App. 2004) (noting that a person charged with a

felony has an automatic right to a jury trial).  The defendant may, of course, waive his right to a jury trial, but it is well established that the waiver must be knowing, voluntary, and made by the defendant—not by his attorney.  *Kellems v. State*, 849 N.E.2d 1110, 1112-13 (Ind. 2006)

[13]    In *Garcia v. State*, the defendant was found guilty by a jury of Class A misdemeanor operating a motor vehicle while intoxicated.  916 N.E.2d 219, 220 (Ind. Ct. App. 2009).  The State also alleged that he had a prior conviction of driving while intoxicated, which would enhance the conviction to a Class D felony if proved beyond a reasonable doubt.  *Id.*  At a hearing following the jury trial, the trial court explained to Garcia what his options were, including stipulating to the prior conviction or proceeding to a jury trial on that allegation.  *Id.* at 222-23.  During the conversation, Garcia asked many questions but did not explicitly waive his right to a jury trial; instead, his attorney waived on his behalf.  *Id.* at 223.

[14]    Garcia appealed, and this Court found that because "Garcia did not make a 'personal communication' to the court that he wished to relinquish his right to have a jury determine whether the offense should be elevated to a Class D felony," the enhanced conviction had to be reversed.  *Id.* at 223; *see also Kellems*, 849 N.E.2d at 1112-13 (holding that a knowing, voluntary, and intelligent waiver of the right to a jury trial requires assent to a bench trial by defendant personally, reflected directly and explicitly in the record).  On remand, the State had the option of retrying the enhancing element of the conviction or

dismissing that element and allowing the Class A misdemeanor to stand for resentencing. *Garcia*, 916 N.E.2d at 220.

[15] In the case before us, as in *Garcia*, Rainey spent most of the hearing regarding his prior conviction asking questions and showing that he did not have a firm understanding of the proceeding or his options. At no point was it made explicitly clear to him that by stipulating to his prior conviction, he was waiving his right to a jury trial on that issue. And at no point did he personally, directly, and explicitly agree to waive a jury trial. Pursuant to *Garcia* and *Kellems*, therefore, the bare bones of the hearing and his attorney consenting on his behalf did not suffice to protect his constitutional rights.

[16] That said, we must consider the doctrine of invited error. That doctrine, which is based on the legal principle of estoppel, forbids a party from taking advantage of an error that he commits, invites, or which is the natural consequence of his own neglect or misconduct. *Durden v. State*, 99 N.E.3d 645, 651 (Ind. 2018). The doctrine may apply when the failure to object accompanies the party's affirmative requests of the trial court. *Id.* Our Supreme Court has noted that over time, "our invited-error doctrine expanded to foreclose even constitutional claims." *Batchelor v. State*, 119 N.E.3d 550, 557 (Ind. 2019); *see also Durden*, 99 N.E.3d at 655 (finding "no reason to exempt structural errors from the invited-error doctrine" despite prejudicial impact of juror removal); *Brewington v. State*, 7 N.E.3d 946, 977 (Ind. 2014) (observing that "even constitutional errors may be invited").

[17] In *Bunting v. State*, the defendant was convicted by a jury of Class C misdemeanor operating a vehicle while intoxicated. 854 N.E.2d 921, 923 (Ind. Ct. App. 2006). Following the conviction, Bunting's attorney advised the trial court that Bunting and the State had stipulated to the fact that Bunting had a prior conviction for operating a vehicle while intoxicated within the previous five years, the jury was dismissed without objection, and the trial court entered a judgment of conviction for Class D felony driving while intoxicated with a prior conviction. Bunting appealed, arguing in part that he had been denied his right to a jury trial on his prior conviction. This Court disagreed, noting that Bunting had waived his right to a jury trial and that "if the jury dismissal did not comport with Bunting's understanding of the effect of the stipulation, he nevertheless failed to object to the dismissal of the jury. A party may not sit idly by, permit the court to act in a claimed erroneous manner, and subsequently attempt to take advantage of the alleged error." *Id.* at 924.[4]

[18] In this case, Rainey's attorney requested the hearing and suggested that Rainey intended to stipulate to his prior conviction. During the discussion, Rainey agreed that he had a prior conviction and did not object to the dismissal of the jury. Under these circumstances, we think it more likely than not that had the

---

[4] The *Bunting* Court also noted that it was without dispute that Bunting did, in fact, have a prior conviction. Had the issue been before the jury, the jury would not have been "empowered to blatantly disregard the law or the facts before it," meaning that the result would had to have been the same. *Id.* at 924.

issue been raised on direct appeal, this Court would have found that the error was invited and therefore waived.

[19] We also note that there is no real dispute that Rainey does, in fact, have a prior conviction for Class B felony dealing in methamphetamine. So even if this Court had not found invited error, it would have determined that a reversal and remand would have been an unwise use of judicial resources, given that the jury would not have been "empowered to blatantly disregard the law or the facts before it," meaning that everyone would have ended up back in the same place following a retrial. *Bunting*, 854 N.E.2d at 924.

[20] Under these circumstances, we can only find that Rainey has not established that there is a reasonable probability that, but for appellate counsel's failure to raise the issue on direct appeal, the result of the proceeding would have been different. Therefore, we find that the post-conviction court did not err by denying the petition for post-conviction relief.

[21] The judgment of the post-conviction court is affirmed.

Riley, J., and Brown, J., concur.