## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 17 2019, 10:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Talisha Griffin
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kristin M. Hoffman,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

July 17, 2019

Court of Appeals Case No.
19A-CR-184

Appeal from the Marion Superior Court

The Honorable Mark D. Stoner, Judge

Trial Court Cause No.
49G06-1807-F5-24208

**Pyle, Judge.**

# Statement of the Case

Kristin Hoffman ("Hoffman") appeals, following a bench trial, her sentence for Level 5 felony domestic battery,[1] Class A misdemeanor battery resulting in bodily injury,[2] and Class B misdemeanor criminal mischief.[3] Hoffman contends that a remand to correct the written sentencing order and the abstract of judgment is necessary because: (1) the one-year sentence imposed for her Class B misdemeanor conviction exceeds the maximum statutory penalty for a Class B misdemeanor; and (2) the trial court's failure to pronounce a sentence on her misdemeanor convictions during the sentencing hearing was contrary to INDIANA CODE § 35-38-1-5. The State agrees that a remand is necessary, as do we. Accordingly, we remand this case to the trial court to correct the written sentencing documents, including the sentencing order, abstract of judgment, and chronological case summary ("CCS").

We remand.

# Issue

Whether this case should be remanded for correction of the written sentencing documents.

---

[1] IND. CODE § 35-4-2-1.3. We note that our legislature amended this statute in the recent 2019 session; however, that recent amendment does not affect this appeal.

[2] I.C. § 35-42-2-1.

[3] I.C. § 35-43-1-2.

## Facts

In December 2018, the trial court held a bench trial and found Hoffman guilty of Level 5 felony domestic battery, Class A misdemeanor battery resulting in bodily injury, and Class B misdemeanor criminal mischief. These convictions were based on Hoffman's acts of going to the house of her married boyfriend and his wife, striking the boyfriend and his wife, and breaking a window at the house. Hoffman had been in a relationship with the boyfriend for over nine years and given birth to his child a few months before the offenses.

The trial court held Hoffman's sentencing hearing in this cause, 49G06-1807-F5-024208 ("Cause 208"), in conjunction with sentencing in another cause, 49G06-1809-F6-033252 ("Cause 253"). In Cause 253, Hoffman had been found guilty of Class A misdemeanor domestic battery, which had occurred when she was out on bond in this underlying Cause 208.[4] At the beginning of the sentencing hearing, the trial court and the parties discussed that Hoffman's convictions in Causes 208 included her three convictions of Level 5 felony domestic battery, Class A misdemeanor battery resulting in bodily injury, and Class B misdemeanor criminal mischief.

During the sentencing hearing, Hoffman's counsel made a general argument in relation to sentencing for the two causes, stating that Hoffman had been denied

---

[4] In Cause 253, Hoffman was originally charged with Level 6 felony domestic battery and Class A misdemeanor battery.

entry into a Community Corrections program and requesting that, "in light of that to maybe forego a home detention sentence and place [Hoffman] on probation for a significant amount of time[.]" (Tr. Vol. 2 at 79). The State made two separate requests for sentencing, which corresponded to the two pending causes. In regard to Cause 208, the State requested "for however the Court want[ed] to put it together, a five-year total sentence with 545 days executed" with "the amount of time that would be spent in the Department of Correction[] to the Court's discretion." (Tr. Vol. 2 at 80). In regard to Cause 253, the State noted that the domestic battery conviction was against Hoffman's mother and that she had "picked up th[is] second case" not long after she had been released in Cause 208, the cause currently being appealed. (Tr. Vol. 2 at 80). The State argued that "[a]s to the battery, 365 days, [it] would not object to a time-served on that, even though it would be consecutive[,]" and it asked that "all time since the re-arrest on the new case would go towards the 365 day -- the misdemeanor conviction." (Tr. Vol. 2 at 81).

[6] Before imposing Hoffman's sentences, the trial court took time to discuss with Hoffman how she could improve the circumstances in her life. The trial court addressed her "mental health challenges[,]" which included depression, and encouraged Hoffman to free herself from her "unhealthy" domestic relationship with her married boyfriend. (Tr. Vol. 2 at 81). Thereafter, the trial court pronounced sentencing in Cause 208, stating, "as to the domestic battery, the Level 5 offense, the Court is going to sentence you to a period of five years[,] and I'm going to suspend all of it. I am going to place you on probation for a

period of two years." (Tr. Vol. 2 at 83). The trial court found Hoffman to be indigent for fines and costs. Moving to sentencing in Cause 253, the trial court stated, "As to the misdemeanor charge, the Court will give you 365 days. I think I have to run that misdemeanor -- do I have to run the misdemeanor consecutively?" (Tr. Vol. 2 at 84). After Hoffman's counsel and the prosecutor agreed that the sentence had to be served consecutively, the trial court stated:

> So I'll run it consecutively to the five years. Because she has significant time on that already, whatever time she has in jail, I'll find her time served on that and that will close that case out. No fines and costs. I'm finding her indigent as to these fines and costs. I am finding you indigent as to the first year of your probation fees because I want whatever. . . money you make, in terms of your probation fees, to go towards getting yourself back on your feet. . . . Paying for whatever medication that you might need in terms of your depression, and paying for your child. . . . [T]he only thing you do have, you do have $100 administrative fee. That takes care of the salary structure of the probation department, so I am ordering that, but you don't -- in terms of the first year of probation fees, she has no fees on that. And whatever -- she should be on a sliding fee schedule, and to the extent if you can't pay your fees, you never go to jail for being poor.

(Tr. Vol. 2 at 85). The trial court then asked the State and Hoffman's counsel if there was "[a]ny legal defect in the sentencing[?]" and both parties stated, "No[.]" (Tr. Vol. 2 at 86). Hoffman's counsel informed the trial court that Hoffman wished to "appeal the Level 5 case[,] . . . the one ending in 208" but "not on the Level 6" case, which was Cause 253. (Tr. Vol. 2 at 87).

Following the sentencing hearing, the trial court issued a sentencing order and an abstract of judgment in Cause 208. These documents indicate that the trial court imposed a one-year sentence for both Hoffman's Class A misdemeanor battery resulting in bodily injury convictions and her Class B misdemeanor criminal mischief conviction and that it ordered Hoffman to serve these two misdemeanor sentences concurrently to her sentence on her Level 5 felony domestic battery conviction.[5] Hoffman now appeals.

## Decision

Here, the written sentencing documents reveal that, for Hoffman's three convictions, the trial court imposed an aggregate five-year suspended sentence with two years of probation. Hoffman asserts that this case should be remanded so that the trial court can correct the written sentencing documents. Specifically, Hoffman contends that the written sentencing order and the abstract of judgment contain a "scrivener's error" and that remand is necessary because: (1) the trial court's failure to pronounce a sentence on her misdemeanor convictions during the sentencing hearing was contrary to INDIANA CODE § 35-38-1-5;[6] and (2) the one-year sentence imposed for her

---

[5] The CCS also indicates that the trial court imposed a one-year sentence for both Hoffman's Class A misdemeanor and Class B misdemeanor convictions.

[6] Hoffman and the State assert that the trial court's imposition of the one-year misdemeanor sentence during the sentencing hearing was for Hoffman's Class A misdemeanor battery conviction in this case, Cause 208. However, a review of the sentencing hearing reveals the trial court did not orally pronounce a sentence on Hoffman's two misdemeanor convictions in Cause 208 and that the one-year misdemeanor sentence imposed was for Hoffman's Class A misdemeanor domestic battery conviction in Cause 253, which she is not appealing.

Class B misdemeanor conviction exceeds the maximum statutory penalty for a Class B misdemeanor. [7] (Hoffman's Br. 13). The State agrees that a remand is necessary.

[9] We agree with the parties that remand is necessary for the trial court to correct the sentence imposed on Hoffman's Class B misdemeanor criminal mischief conviction. The trial court's imposition of a one-year sentence for the Class B misdemeanor is contrary to the statutory sentencing range for a Class B misdemeanor. *See* IND. CODE § 35-50-3-3 (providing that the sentencing range for a Class B misdemeanor is "not more than one hundred eighty (180) days"). Thus, the sentencing documents—including the sentencing order, abstract of judgment, and CCS—should be corrected to reflect a sentence of not more than 180 days. Accordingly, we remand to the trial court for correction of the sentencing documents. [8]

---

[7] Hoffman also argues that this case should be remanded because the trial court's mention of a sliding scale during the sentencing hearing equated to an improper delegation of authority to the probation department to impose probation fees. Hoffman suggests that the trial court's reference to a sliding scale "implies that it will not set the fee schedule." (Hoffman's Reply Br. 4). The State asserts that Hoffman's claim regarding the sliding fee schedule is "premature" and "speculative" as no probation fees have been imposed nor may ever be imposed on Hoffman during her second year of probation. As such, the State contends that her argument is not ripe for review. We agree and will not address this argument. *See Indiana Dep't of Envtl. Mgmt. v. Chem. Waste Mgmt., Inc.*,643 N.E.2d 331, 336 (Ind. 1994) ("Ripeness relates to the degree to which the defined issues in a case are based on actual facts rather than on abstract possibilities, and are capable of being adjudicated on an adequately developed record.").

[8] We note that the abstract of judgment and sentencing order contain differing amounts of suspended time on Hoffman's three sentences. Hoffman contends that the abstract of judgment entered by the trial court "reflects what the trial court intended to impose" with exception of the one-year sentence imposed for her Class B misdemeanor. (Hoffman's Br. 13 n.9). When the trial court corrects the sentencing documents on remand, it should ensure that the applicable credit time is consistently reflected among the documents.

[10] Additionally, our review of the record reveals that the trial court failed to pronounce a sentence on Hoffman's two misdemeanor convictions in this case during the sentencing hearing. INDIANA CODE § 35-38-1-5 provides:

> When the defendant appears for sentencing, the court shall inform the defendant of the verdict of the jury or the finding of the court. The court shall afford counsel for the defendant an opportunity to speak on behalf of the defendant. The defendant may also make a statement personally in the defendant's own behalf and, before pronouncing sentence, the court shall ask the defendant whether the defendant wishes to make such a statement. *Sentence shall then be pronounced, unless a sufficient cause is alleged or appears to the court for delay in sentencing*.

(Emphasis added). The record does not reveal "a sufficient cause" for the delayed pronouncement of sentencing as the parties did not request a delay in the pronouncement of sentencing nor did the trial court provide a reason why it was waiting to set forth Hoffman's misdemeanor sentences in the written sentencing order and abstract of judgment. However, the parties did not object when the trial court failed to pronounce the two sentences during the hearing. In fact, the parties agreed that there were no legal defects in the trial court's oral sentencing made during the hearing. Therefore, we will remand for correction of the written sentencing documents but not for a new sentencing hearing. *See Robles v. State,* 705 N.E.2d 183, 187 (Ind. Ct. App. 1998) (explaining that, in relation to a defendant's rights under INDIANA CODE § 35-38-1-5, a defendant "may not sit idly by, permit the court to act in a claimed erroneous manner, and then attempt to take advantage of the alleged error at a later time" and that the failure to object results in waive of any alleged error under the statute).

Remanded.

Riley, J., and Bailey, J., concur.